IN THE MATTER OF BELL

Docket Nos. 70205, 73611. Submitted May 8, 1984, at Lansing.— Decided August 16, 1984.

Beatrice Bell and Ronald Blackburn are the parents of four children born out of wedlock, including Richard Bell. The Department of Social Services petitioned the Washtenaw County Probate Court for termination of parental rights as to Richard Bell on the basis of neglect. Following a jury trial, the court, Loren W. Campbell, J., ordered termination of parental rights. Both respondents' petitions for rehearing were denied, and each appealed. The appeals were consolidated by the Court of Appeals. *Held:*

1. The jury's finding that Richard Bell had been neglected by his parents was amply supported by the record.

2. Mr. Blackburn's assertion that there was no evidence that he had abandoned the child is without merit, since the termination was based on a finding of neglect rather than abandonment.

3. The trial court did not abuse its discretion in denying Ms. Bell's motion to have independent expert witnesses appointed. She has not disputed the validity of the opinions of the petitioner's witnesses nor claimed any injustice beyond the fact that there were no experts testifying for her at the trial.

4. The probate court did not exceed its authority in terminating Blackburn's parental rights. Blackburn made no allegations that he was not afforded proper notice or that the court utilized an improper standard in adjudicating his rights.

5. The court's denial of Blackburn's petition for rehearing

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 59 Am Jur 2d, Parent and Child §§ 5, 9.
   Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

[2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 8, 9.
   75 Am Jur 2d, Trial § 44.
   Trial court's appointment, in civil case, of expert witness. 95 ALR2d 390.

[3] 59 Am Jur 2d, Parent and Child §§ 28-31.

was not an abuse of discretion. The evidence presented at the hearing on the petition was not sufficient to cause the court to reconsider its disposition.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

Parental rights may not be terminated unless the state proves by clear and convincing evidence that termination is warranted.

2. WITNESSES — EXPERT WITNESSES — COURT RULES.

A trial court, including a juvenile court, has the discretion to appoint expert witnesses, either on the motion of a party or upon its own motion (MRE 706[a]; JCR 1969, 8.3[A]).

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — ADOPTION CODE.

The Adoption Code creates two categories of putative fathers of illegitimate children: (1) those who have established no custodial relationship with the child and have provided no support for the mother or child, and (2) those who have established some relationship with the child; the parental rights of those in the first group may be terminated upon a finding that it would not be in the best interests of the child to grant custody to the father, while the rights of those in the second group are subject to termination by proceedings under the general statutory termination provisions (MCL 710.39, 721A.1 *et seq.;* MSA 27.3178[555.39], 27.3178[598.1] *et seq.).*

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — REHEARING.

Interested parties may petition a probate court for rehearing following entry of an order terminating parental rights; the decision to grant rehearing is committed to the sound discretion of the probate court, but a petition will ordinarily not be considered unless it presents a matter not previously presented to the court which, if true, would cause the court to reconsider the disposition (JCR 1969, 8.3).

*William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for petitioner.

*Roesch, Schaberg, Baker & Byrnes* (by *Pamela G. Byrnes),* for Beatrice Bell.

Before: V. J. Brennan, P.J., and R. B. Burns and C. R. Coleman,* JJ.

Per Curiam. Respondents are the parents of four children born out of wedlock. Richard Bell, born March 19, 1981, is the youngest. Following a jury trial, Washtenaw County Probate Judge Loren W. Campbell ordered that respondents' parental rights be terminated as to Richard Bell because of neglect. Respondents' petitions for rehearing were denied. In this consolidated appeal, respondent Beatrice Bell appeals from the termination order as of right. Respondent Blackburn appeals by leave of this Court granted on October 5, 1983.

Parental rights may not be terminated unless the state proves by clear and convincing evidence that termination is warranted. *In the Matter of La Flure,* 48 Mich App 377, 386; 210 NW2d 482 (1973). Here the jury's finding that Richard had been neglected by respondents, MCL 712A.19a(e); MSA 27.3178(598.19a)(e), was amply supported by the record. There was evidence that respondents failed to care for the physical needs of Richard, exhibited a marked lack of affection toward him, both before and after his birth, and repeatedly exhibited a marked preference for and partiality to the older son. See *In re Franzel,* 24 Mich App 371; 180 NW2d 375 (1970).

Mr. Blackburn also asserts that there was no evidence that he "abandoned" the child. Although respondents were originally charged with abandonment and neglect, there was no determination that Mr. Blackburn had, in fact, abandoned the child. Rather, the jury's verdict and the subsequent termination of rights were based on neglect and not

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

abandonment. Consequently, Mr. Blackburn's argument that his parental rights should not have been terminated because he had not physically abandoned the child is without merit.

Ms. Bell also claims she was denied effective assistance of counsel. Specifically, she contends that, because the probate court refused to provide her with independent medical and psychological experts, her appointed counsel was denied the ability to prepare her case.

Rule 706(a) of the Michigan Rules of Evidence grants the court the discretion to appoint independent experts:

"The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection."

The rules of evidence have been made applicable to Juvenile Court proceedings under JCR 1969, 8.3(A).

In the instant case, Ms. Bell fails to set forth sufficient evidence to establish the need for an independent appointed expert. Ms. Bell argues merely that because the petitioner presented three physicians and a psychiatrist as witnesses it was "imperative" for her to present expert testimony as well. Nowhere in her brief does Ms. Bell dispute the validity of the experts' opinions or recommendations. She does not allege that the experts were biased or prejudiced against her. Nor does she assert her belief that independently-appointed experts would actually testify in her favor. Since Ms. Bell has failed to claim the existence of any injustice beyond the fact that there were no experts

testifying for her at trial, there is no evidence that the probate court abused its discretion in denying her motion to have independent experts appointed.

Mr. Blackburn further contends that the probate court exceeded its authority in ordering the termination of Mr. Blackburn's parental rights. The Adoption Code creates two categories of putative fathers of illegitimate children: (1) putative fathers who have established no custodial relationship with the child and who have provided no support for the mother or child prior to the notice of hearing; and (2) putative fathers who have established some relationship with the child. MCL 710.39; MSA 27.3178(555.39); *In the Matter of Barlow,* 404 Mich 216; 273 NW2d 35 (1978). In *Barlow,* the Supreme Court explained that the rights of fathers who do not establish custodial or support relationships may be terminated by the probate court if, after examination of the father's fitness and ability to properly care for the child, the court finds that " 'it would not be in the best interests of the child to grant custody' to him' ". 404 Mich 229. The parental rights of the second group, those establishing some custodial or support relationship, are subject to termination by proceedings under the general provisions of the juvenile code, MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* Under the ruling in *Barlow,* it appears that the existence of a formal acknowledgement of paternity only affects the standard of proof in the termination of the putative father's rights and does not affect the authority of the probate court to adjudicate the matter.

In the instant case, Mr. Blackburn did not formally acknowledge paternity of Richard until after the dispositional hearing. Nevertheless, Mr. Blackburn had established a support relationship, at least with the child's mother, that would justify

bringing him within the second group of putative fathers and subject him to the general provisions of the juvenile code. Under the code, the father is entitled to notice of the hearings and his rights may be terminated only upon clear and convincing evidence. See MCL 712A.12, 712A.19a; MSA 27.3178(598.12), 27.3178(598.19a). Since Mr. Blackburn has made no allegation that the probate court failed to afford him proper notice or neglected to utilize the "clear and convincing" standard in adjudicating his rights, we do not find that the probate court exceeded its authority in terminating Mr. Blackburn's parental rights.

Finally, the probate court did not abuse its discretion in refusing to grant Mr. Blackburn's petition for rehearing. Under Michigan law, interested parties are granted the right to petition for a rehearing within three months from the date of entry of the order terminating parental rights. MCL 712A.21(1); MSA 27.3178(598.21)(1). The decision to grant the petition is a matter committed to the sound discretion of the probate court, provided the petition is timely filed. See *In re Izzo,* 358 Mich 101; 99 NW2d 625 (1959). A petition for rehearing will ordinarily not be considered unless it presents a matter not previously presented to the court which, if true, would cause the court to reconsider the disposition. JCR 1969, 8.3.

In the instant case, there was a full trial on the issue of neglect. Mr. Blackburn was represented by counsel and was afforded a reasonable opportunity to defend. At the proceedings on Mr. Blackburn's petition for rehearing, Mr. Blackburn failed to put forth any reasons why he had not previously acknowledged paternity nor suggested his "plan" for accepting custody of Richard. Mr. Blackburn's plan, as set forth at the hearing, was merely that the child would reside with him at his parents'

house. The probate court determined that Mr. Blackburn had failed to present any evidence that would suggest that he was a competent father. The probate court explained that the evidence at trial established that Mr. Blackburn had been a totally indifferent and an inadequate father and that the court had no confidence in his long-term interest or responsibility for the child. In short, the probate court determined that Mr. Blackburn's after-the-fact acknowledgement of paternity was nothing more than belated repentance of his benign neglect.

The court's decision not to grant a rehearing was not erroneous.

Affirmed.