*In re* PRATER

Docket No. 125323. Submitted April 10, 1991, at Lansing. Decided
    May 20, 1991, at 9:00 A.M.

   The Wayne County Probate Court, Juvenile Division, Frances
   Pitts, J., entered an order terminating the parental rights of
   Darlene Davis and Reginald Prater to their three minor chil-
   dren. The parents appealed, alleging that the court lacked
   jurisdiction over the youngest child because the adjudicative
   hearing involving that child did not take place within forty-two
   days of the preliminary hearing, as mandated by the court rule
   then in effect. They also alleged that the referee abused her
   discretion in permitting a social worker to refuse to allow Davis
   to see her children while they were placed in foster care until
   she submitted to court-ordered drug screening.

   The Court of Appeals *held:*

   1. The failure to comply with the court rule did not affect the
   jurisdiction of the probate court. In cases regarding termination
   of parental rights, the court derives its jurisdiction from the
   state constitution and the relevant statutes. The court rules do
   not expand or limit the jurisdiction of the probate court.

   2. The argument regarding visitation is without merit and
   also moot, because this complaint is unrelated to the order
   appealed from and the termination was based on other prop-
   erly proven grounds.

   Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — JURISDIC-
    TION OF PROBATE COURT — COURT RULES.

   A probate court derives its jurisdiction in cases regarding termi-
   nation of parental rights from the state constitution and the
   relevant statutes; the court rules do not expand or limit the
   court's jurisdiction; failure to comply with the court rule man-
   dating that the adjudicative hearing take place within forty-two

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
    dren §§ 16, 24; Parent and Child § 34.
See the Index to Annotations under Juvenile Courts and Delin-
    quent Children; Termination of Parental Rights.

days after conclusion of the preliminary hearing does not affect the jurisdiction of the court (Const 1963, art 6, § 15; MCR 5.972[A]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *William C. Campbell,* Assistant Attorney General, for the Department of Social Services.

*Scott F. Bergo,* for the minor children.

*Carolyn A. Blanchard,* for Darlene Davis and Reginald Prater.

Before: WEAVER, P.J., and MacKENZIE and GRIBBS, JJ.

WEAVER, P.J. Darlene Davis and Reginald Prater are before us appealing an order terminating their parental rights to their three minor children, Karlene Lee Prater, Reginald Karl Prater, and Ashley Nicole Prater. We affirm.

This action originated when a petition alleging neglect of Karlene and Reginald was filed on September 25, 1987, while Davis was pregnant with Ashley. At the pretrial hearing, respondents admitted the allegations set forth in the petition. They were living with the children in a home furnished with only a stove, a kitchen table, a television, and a mattress. The home's other furnishings had been sold by respondents in order to purchase cocaine. Both respondents acknowledged using cocaine, and Davis admitted that she was addicted to it. Prater testified that he was not supporting the children, although he was living with the mother, and that he was not receiving general assistance because he was not willing to fill out the monthly report. The court ordered that the children be placed in the temporary custody of

the court and live with the maternal grandfather and stepgrandmother.

When Ashley was born on November 21, 1987, she was immediately placed in foster care by the Department of Social Services. The case was initially set for February 2, 1988. However, it was adjourned a number of times in an attempt to achieve personal service on the respondents. At a hearing on April 22, 1988, Davis informed the court that she had not been allowed to see her children since January of 1988. The social worker stated that she had used visitation as an incentive for the mother to participate in court-ordered drug screening and that the mother had as yet failed to participate in the screening. At the close of the hearing, the court concluded that returning the children to the family home would be contrary to their welfare and recommended that the foster placement continue.

A series of statutory rehearings continued until April 12, 1989. At the close of a permanent custody hearing on November 8, 1989, the referee recommended that the children be placed in the permanent custody of the court and committed to the Michigan Children's Institute for purposes of adoption. Respondents' petition for rehearing was heard on December 12, 1989, and the court found that the referee did not err in her findings of fact or her conclusions of law.

I

Appellants contend that the court lacked jurisdiction over Ashley Prater because the adjudication was improperly scheduled for more than forty-two days after the preliminary hearing.

Respondents correctly point out that the court

rule in effect at the commencement of these proceedings mandated that the adjudicative hearing take place within forty-two days after conclusion of the preliminary hearing. MCR 5.972(A). However, failure to comply with this rule does not affect the jurisdiction of the court. *In re Kirkwood,* 187 Mich App 542; 468 NW2d 280 (1991).

In cases regarding termination of parental rights, the court derives its jurisdiction from two primary sources: the state constitution and the relevant statutes. *Krajewski v Krajewski,* 420 Mich 729; 362 NW2d 230 (1984); *In re Albring,* 160 Mich App 750; 408 NW2d 545 (1987). The court rules do not expand or limit the jurisdiction of the probate court. *In re Albring.*

II

Respondents also argue that the social worker's refusal to permit Davis to see her children until she submitted to drug screening was a violation of Davis' constitutional right to the companionship of her children and that the referee abused her discretion in permitting this restriction.

Although respondents' argument is without merit, *In re Macomber,* 436 Mich 386; 461 NW2d 671 (1990), it is also moot, because this complaint is unrelated to the order from which they appeal. The termination was based on other properly proven grounds. MCL 712A.19b(3)(c)(i); MSA 27.3178(598.19b)(3)(c)(i).

We affirm the order terminating respondents' parental rights.