*In re* TOLER

Docket No. 134420. Submitted January 8, 1992, at Grand Rapids. Decided April 6, 1992, at 10:00 A.M.

> The Department of Social Services petitioned the Wexford Probate Court for termination of the parental rights of George and Tiana Toler in their minor children, alleging in part that George Toler had physically and sexually abused the children. George Toler stipulated the jurisdiction of the probate court. After several days of the initial dispositional hearing, he agreed to the termination of his parental rights in exchange for the dismissal of criminal sexual conduct charges filed against him. The court, Walter F. Ransom, J., terminated Toler's parental rights without including the statutory basis for termination in its order. Subsequent motions by Toler for a rehearing or the setting aside of the order were denied by the court. Toler appealed.
>
> The Court of Appeals *held:*
>
> 1. Before parental rights may be terminated under the Juvenile Code, a probate court must make findings of fact, state conclusions of law, and identify the statutory basis for the order. MCR 5.974(G). The order in this case, while not a model of specificity, made it clear that MCL 712A.2(b)(1),(2); MSA 27.3178(598.2)(b)(1),(2) served as the statutory basis for termination.
>
> 2. Toler's consent to termination under the Juvenile Code did not transform the proceeding into a proceeding for termination under the adoption code.
>
> 3. Error resulting from the failure of the probate court to incorporate into the order of termination its finding that termination was in the best interest of the children was harmless.
>
> 4. The probate court did not abuse its discretion in denying the motion for rehearing.
>
> Affirmed.

*David J. Clark,* for George Toler.

Before: MARILYN KELLY, P.J., and DOCTOROFF and GRIFFIN, JJ.

MARILYN KELLY, P.J. Respondent George Toler appeals as of right from an order of the Wexford Probate Court terminating his parental rights to three minor children.

Respondent argues on appeal that the trial judge erred, since he failed to specify the statutory basis for termination of respondent's rights and the court's assumption of jurisdiction. He asserts error also in the judge's failure to find that termination was in the best interest of the children. We affirm.

The Department of Social Services sought the involuntary termination of respondent's parental rights pursuant to § 19b(3) of the juvenile code. MCL 712A.19b(3); MSA 27.3178(598.19b)(3). The petition alleged that respondent physically and sexually abused his children.

After 3½ days of testimony at the initial dispositional hearing, the parties entered into an agreement. Respondent stipulated to the jurisdiction of the probate court. In addition, he agreed to termination of his parental rights in exchange for dismissal of first- and second-degree criminal sexual conduct charges then pending against him. Tiana agreed to file for divorce and to include in the divorce judgment a provision preventing respondent from entering Wexford County, where she lived with the children. The probate judge asked respondent if he understood that his parental rights would be terminated if he agreed to the stipulation. Respondent answered that he understood and agreed. The probate judge found sufficient evidence on the record to establish jurisdiction and entered an order terminating respondent's parental rights.

Respondent filed a motion for rehearing or continuation of trial. At the hearing on the motion, he presented no new evidence. The judge refused

to set aside the order, finding that it was in the best interest of the children and that respondent had voluntarily and understandingly agreed to it. He did refuse, however, to enforce the provision in the settlement mandating that Tiana divorce respondent.

Probate court jurisdiction over termination proceedings is derived solely from statutes and the constitution. *In re Prater,* 189 Mich App 330, 333; 471 NW2d 658 (1991). After a petition is authorized, the probate court must hold a hearing to determine whether the child is within the court's jurisdiction. *In re Nunn,* 168 Mich App 203, 207; 423 NW2d 619 (1988). To obtain jurisdiction, the judge must find that a statutory basis for jurisdiction exists and that the allegations contained in the petition were proven by a preponderance of the evidence. *In re Nelson,* 190 Mich App 237, 240; 475 NW2d 448 (1991). Since jurisdiction is statutory, it cannot be conferred by consent of the parties. *In re Youmans,* 156 Mich App 679, 684; 401 NW2d 905 (1986). On appeal, our inquiry is whether the error alleged was of such magnitude that, but for it, there was an insufficient basis for the probate court to assume jurisdiction. *In re Gass,* 173 Mich App 444, 446; 434 NW2d 427 (1988).

Here, although respondent stipulated to the court's jurisdiction, the probate judge also found sufficient evidence to authorize the assumption of jurisdiction. However, no statutory basis was given either on the record or in the order. Although the order is not a model of specificity, we believe it makes clear that the basis relied on for jurisdiction was § 2(b)(1) and (2). MCL 712A.2(b)(1) and (2); MSA 27.3178(598.2)(b)(1) and (2).

Before parental rights may be terminated under the juvenile code, the court must make findings of

fact, state conclusions of law and identify the statutory basis for the order. MCR 5.974(G). In this case, the judge failed to articulate the statutory basis for the termination and instead relied on the agreement between the parties. We determine that a respondent can consent to termination of his parental rights under the juvenile code, in which case the judge need not announce a statutory basis for it.

Respondent does not argue that his consent was involuntary. Rather, he suggests that the termination of his parental rights in exchange for dropping criminal charges pending against him is contrary to public policy. We will not further address this issue, as respondent failed to provide us with any supporting authority. *Goolsby v Detroit,* 419 Mich 651, 655, n 1; 358 NW2d 856 (1984). A party may not merely announce his position and leave it to us to discover and rationalize the basis for his claim. *Sargent v Browning-Ferris Industries,* 167 Mich App 29, 32-33; 421 NW2d 563 (1988).

We also reject respondent's argument that termination was inappropriate here, since the proceeding was not properly brought and concluded under either the adoption code or the juvenile code. MCL 710.21 *et seq.*; MSA 27.3178(555.21) *et seq.*; MCL 712A.1 *et seq.*; MSA 27.3178(598.1) *et seq.*; *In re Buckingham,* 141 Mich App 828; 368 NW2d 888 (1985). In *Buckingham* the action to terminate the respondent's parental rights was brought under the juvenile code. However, at the first pretrial hearing on permanent wardship, the probate court raised the option of voluntary release of parental rights. *Buckingham,* 831. The respondent then orally released her rights to her children. We found that error resulted, since the release did not comply with the requirements of the adoption code.

Unlike the judge in *Buckingham,* the judge in this case did not suggest that respondent voluntarily release his parental rights. It was 3½ days into the trial that respondent agreed to the termination. He conceded in effect that the court would be able to find statutory authorization for the termination and that termination would be in the best interest of the children. Respondent's decision to consent to the termination of his parental rights does not transfer the proceeding from the juvenile code to the adoption code. Further, unlike *Buckingham,* during the hearing to set aside the agreement and continue trial, the judge specifically found that the termination was in the best interest of the children. We determine that the judge's failure to incorporate this finding into the termination order is harmless error.

Finally, we reject respondent's argument that the probate court erred in refusing to grant a petition for rehearing or to set aside the agreement. A petition for rehearing will not be considered, unless it presents a matter not previously presented which, if true, would cause the court to reconsider its decision. *In re Johanson,* 156 Mich App 608, 611; 402 NW2d 13 (1987). A probate judge's refusal to grant a rehearing will be reversed only for an abuse of discretion. *Johanson,* 611. Respondent has failed to bring forward evidence which establishes that denial of the motion was an abuse of discretion.

Affirmed.