*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FENTON, Minors.

UNPUBLISHED
April 21, 2022

No. 358586
Lenawee Circuit Court
Family Division
LC No. 18-000170-NA

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Respondent[1] appeals by right the trial court's order terminating his parental rights to his four minor children, GF, MF, AF, and JF, under MCL 712A.19b(3)(b)(*i*) (parent abused child), (j) (reasonable likelihood child will be harmed if returned to parent's home), and (k)(*ii*) (parent abused the child and the abuse involved criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2018, GF (age six at the time) disclosed to her mother that respondent had sexually assaulted her. A medical examination revealed that GF had external and internal injuries and bruising to her vagina. Upon questioning by police, respondent admitted to sexually assaulting GF on three occasions during the summer of 2018. Respondent was criminally charged and pled no contest to one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*i*) (sexual penetration of victim between 13 and 16 years of age and a member of the same household). Respondent was sentenced to a prison term of 15 to 50 years.

On October 9, 2018, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition asking the trial court to take jurisdiction over the children and to terminate respondent's parental rights. The adjudication trial and termination hearing, and associated pretrial

---

[1] The children's mother was not a respondent in the trial court proceedings and is not a party to this appeal.

-1-

hearings, were adjourned several times due to the COVID-19 pandemic and to allow respondent to be sentenced on his CSC-I conviction. The combined adjudication trial and termination hearing[2] was held on January 21, 2020. At the hearing, DHHS offered into evidence respondent's judgment of sentence reflecting his criminal conviction. DHHS also presented testimony from Christopher Pharion, a Children's Protective Services worker, who testified about respondent's admissions to police regarding the sexual assaults of GF. However, Pharion also testified that he had never interviewed respondent. The trial court found that Pharion's testimony as to respondent's admissions to police was hearsay and declined to consider it. Without Pharion's testimony, the trial court held that the judgment of sentence alone failed to establish a sufficient nexus between the allegations in the petition and respondent's conduct regarding the minor child. The trial court entered an order dismissing the petition because DHHS had failed to establish grounds for the exercise of its jurisdiction.

On February 4, 2020, DHHS moved for a new trial on the petition, asking the trial court to "review the admissions made by [respondent] at his plea hearing" in the criminal matter. The hearing on the motion was held on February 17, 2021, more than one year after the motion was filed. At the hearing, the trial court noted that the delay between the filing of DHHS's motion and the hearing could be attributed to several factors, including an error in "processing" the motion, as well as staffing shortages, turnover, and other issues arising from the COVID-19 pandemic; additionally, the trial court noted difficulty in arranging for respondent's attendance at the hearing while incarcerated. At the conclusion of the hearing, the trial court granted the motion.

On August 19, 2021, the trial court conducted a second combined adjudication trial and termination hearing. At this hearing, DHHS presented a transcript from respondent's plea hearing, in which he pleaded no contest to GF's sexual assault allegations. DHHS also called as a witness Detective Lamar Rufner of the Adrian Police Department, who testified that, during an interview, respondent had admitted to sexually assaulting GF. The trial court found sufficient grounds to exercise jurisdiction. It also found statutory grounds to terminate respondent's parental rights and that termination was in the children's best interests. This appeal followed.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision to grant or deny a motion for a new trial. *In re Toler*, 193 Mich App 474, 478; 484 NW2d 672 (1992). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *In re Piland*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353436); slip op at 3. We review de novo issues involving the interpretation and application of court rules. *In re KH*, 469 Mich 621, 628;

---

[2] Because DHHS sought termination of respondent's parental rights at the initial disposition, the trial court was permitted to hold an adjudication trial and, if jurisdiction was established, proceed immediately to a termination hearing. See *In re AMAC*, 269 Mich App 533, 537; 711 NW2d 426 (2006), citing MCR 3.977(E).

677 NW2d 800 (2004) (citations omitted). We also review de novo the application of equitable doctrines, such as res judicata. See *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004).

## III. TIMELINESS OF ADJUDICATION TRIAL AND TERMINATION HEARING

Respondent argues that the combined adjudication trial and termination hearing held on August 19, 2021 was untimely under MCR 3.972(A). Therefore, respondent argues, the trial court violated his "fundamental right to have a timely adjudication and finality of decision."[3] We disagree.

MCR 3.972(A) states in relevant part: "If the child is not in placement, the trial must be held within 6 months after the filing of the petition unless adjourned for good cause under MCR 3.923(G)." The plain language of the court rule makes it clear that the relevant time period is between the filing of the petition and the trial. It is undisputed that neither the initial adjudication trial (held on January 21, 2020) nor the second adjudication trial (held on August 19, 2021) was held within six months of the April 26, 2019 filing of the petition. However, the record shows that the initial adjudication trial was adjourned for a significant amount of time, at respondent's request, to allow for sentencing in his criminal case, which occurred on October 11, 2019. Thereafter, a trial date in November 2019 was adjourned because respondent was under quarantine and unable to participate, and adjourned again in December 2019 because a witness was hospitalized. As noted, the initial adjudication trial ultimately was held on January 21, 2020.

DHHS filed its motion for a new trial a mere two weeks after the initial adjudication trial; a hearing on that motion was eventually scheduled for December 16, 2020. There was thus a significant delay between the filing of DHHS's motion and the scheduled hearing date on that motion. However, the trial court noted at the motion hearing that the delay was in part due to an unspecified "error made in the processing" of the motion, as well as staffing issues and turnover as a result of the COVID-19 pandemic. While an error in the trial court's system is itself not good cause for a delay or attributable to respondent, we do not believe, on balance, that this delay in and of itself requires reversal. As noted by the trial court, a portion of that delay arose as a result of the COVID-19 pandemic and from complications in securing respondent's attendance at the hearing at a time when he was incarcerated during the pandemic. See *In re Sanborn*, ___ Mich App ___, ____; ___ NW2d ___ (2021) (noting that delays in holding child protective hearings in 2020 could not be attributed to the trial court in light of executive orders issued by the governor and administrative orders issued by our Supreme Court). The originally-scheduled motion hearing date was then adjourned multiple times in an attempt to ensure respondent's appearance, a task that again was complicated by respondent's incarceration in a facility that experienced repeated COVID-19 outbreaks.

---

[3] We note that, on appeal, respondent does not contest the factual basis for termination, i.e., the sexual assaults of GF. Nor does respondent challenge the trial court's finding of statutory grounds for termination or its best-interest determination. Instead, respondent challenges procedural aspects of the proceedings held in the trial court, arguing that they were sufficiently problematic as to necessitate a reversal of the trial court's order terminating his parental rights.

The record thus reflects that the delays in this case generally were either for good cause or were requested by respondent. MCR 3.972(A); see also *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) (A "[r]espondent may not assign as error on appeal something that [they] deemed proper in the lower court because allowing [them] to do so would permit respondent to harbor error as an appellate parachute.").

We note also that to the extent respondent argues that the trial court was required to make "findings" under MCR 3.972(A) with respect to any delay in the trial, this argument is unsupported by the court rule. Further, the trial court stated on the record at the hearing its reasoning for finding the motion for a new trial to have been timely filed and explaining the delay in holding the hearing on the motion. We decline to reverse the trial court on this basis. *KH*, 469 Mich at 628.

## IV. RES JUDICATA

Respondent also argues that the trial court's findings regarding jurisdiction made at the conclusion of the January 21, 2020 adjudication trial should be considered res judicata and should have barred the trial court from taking jurisdiction over the children after the second adjudication trial. We disagree. "[T]he doctrine of res judicata bars a subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008).

Simply put, res judicata does not apply in this case because res judicata requires the initiation of a second action. *Id*. The second adjudication trial in this case was part of the same action to terminate respondent's parental rights. Thus, there was no subsequent action to which res judicata could apply. Respondent simply asserts in a conclusory fashion that the two adjudication trials were two separate actions, but does not support this assertion with any citation to legal authority. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for [their] claims, or unravel and elaborate [the] argument, and then search for authority either to sustain or reject [their] position." *In re TK*, 306 Mich App 698, 712; 859 NW2d 208 (2014). We find no error in the trial court's failure to apply the doctrine of res judicata in this case. *Adair*, 470 Mich at 119.

## V. MOTION FOR NEW TRIAL

Respondent also argues that the trial court violated MCR 3.992 in numerous ways by granting DHHS's motion for a new trial. We disagree. MCR 3.992 states, in relevant part:

> (A) Time and Grounds. Except for the case of a juvenile tried as an adult in the family division of the circuit court for a criminal offense, and except for a case in which parental rights are terminated, a party may seek a rehearing or new trial by filing a written motion stating the basis for the relief sought within 21 days after the date of the order resulting from the hearing or trial. In a case that involves termination of parental rights, a motion for new trial, rehearing, reconsideration, or other postjudgment relief shall be filed within 14 days after the date of the order terminating parental rights. The court may entertain an untimely motion for good cause shown. A motion will not be considered unless it presents a matter not

previously presented to the court, or presented, but not previously considered by the court, which, if true, would cause the court to reconsider the case.

(B) Notice. All parties must be given notice of the motion in accordance with Rule 3.920.

(C) Response by Parties. Any response by parties must be in writing and filed with the court and served on the opposing parties within 7 days after notice of the motion.

(D) Procedure. The judge may affirm, modify, or vacate the decision previously made in whole or in part, on the basis of the record, the memoranda prepared, or a hearing on the motion, whichever the court in its discretion finds appropriate for the case.

(E) Hearings. The court need not hold a hearing before ruling on a motion. Any hearing conducted shall be in accordance with the rules for dispositional hearings and, at the discretion of the court, may be assigned to the person who conducted the hearing. The court shall state the reasons for its decision on the motion on the record or in writing.

Respondent contends that DHHS's motion should not have been considered by the trial court because it was not properly noticed, was untimely, and did not present new matters for the court's consideration. Respondent additionally argues that the proper method for DHHS to have challenged the trial court's original adjudication decision was by way of an appeal to this Court. For the reasons discussed below, we are not persuaded by these arguments.

A. NOTICE/PROOF OF SERVICE

Respondent argues that DHHS failed to provide adequate notice of the motion for new trial in violation of MCR 3.992(B). Specifically, respondent argues that the motion "was filed without proof of service and not processed by the Court or served on the [respondent] in a timely manner." We disagree.

Under MCR 3.992(B), "[a]ll parties must be given notice of the motion in accordance with Rule 3.920." MCR 3.920(I)(2) requires that "[p]roof of service of other papers permitted or required to be served under these rules must be made in the manner provided in MCR 2.107(D)." And, MCR 2.107(D) states in relevant part:

[P]roof of service of documents required or permitted to be served must be by written acknowledgment of service, or a written statement by the individual who served the documents verified under MCR 1.109(D)(3). The proof of service may be included at the end of the document as filed. Proof of service must be filed promptly and at least at or before a hearing to which the document relates.

DHHS's motion for new trial contained a statement at the of end of the document that included a "written acknowledgement of service" indicating that the motion was served on respondent's counsel on February 4, 2020. Moreover, the motion for new trial was filed well

before the hearing on the motion. The record also contains a separate proof of service from November 2020 (well before the originally-scheduled hearing on the motion) indicating that a notice of hearing and DHHS's motion were served on respondent by ordinary mail. The requirements of MCR 3.992(B) were therefore satisfied.

## B. TIMELINESS OF MOTION/HEARING

Respondent argues that the motion for new trial was untimely, taking issue with the fact that the hearing on the motion took place over a year after DHHS filed the motion. As discussed, the reasons for that delay included an error on the part of the trial court, the COVID-19 pandemic, and issues with ensuring respondent's attendance while incarcerated. In any event, while MCR 3.992 contains certain timing requirements with respect to providing *notice* of a motion, it contains no requirement that the trial court hold a hearing within a certain period of time. Indeed, the court rule explicitly states that there is *no* requirement for the trial court hold a hearing at all. MCR 3.992(E). Further, to the extent respondent may believe that he was prejudiced by the delay, respondent was given notice of DHHS's motion on February 4, 2020. Yet, in the intervening year between the filing of the motion for new trial and the hearing on the motion, respondent filed no objection on the basis of timeliness. As noted, a "[r]espondent may not assign as error on appeal something that [he] deemed proper in the lower court because allowing [him] to do so would permit respondent to harbor error as an appellate parachute." *Hudson*, 294 Mich App at 264. The trial court did not err by holding that DHHS's motion was timely considered. *KH*, 469 Mich at 628.

## C. MATTERS PRESENTED AS BASIS FOR NEW TRIAL

Respondent also argues that the trial court erred by granting the motion for new trial because "[n]o new matter was ever presented by [DHHS] at the [m]otion [h]earing only a request that the [c]ourt consider additional information in the criminal file that the [c]ourt initially took judicial notice of." We disagree with respondent's characterization of the facts as well as his argument.

MCR 3.992(A) states: "A motion will not be considered unless it presents a matter not previously presented to the court, or presented, but not previously considered by the court, which, if true, would cause the court to reconsider the case." In this case, DHHS's motion for new trial asked the trial court to "review the admissions made by [respondent] at his plea hearing in file no. 18-191890FC." At the initial, January 21, 2020 adjudication trial, the trial court solely considered the judgment of sentence in respondent's criminal case, finding that the judgment of sentence did not establish a sufficient nexus between the allegations in the petition and the evidence presented. The trial court did not, however, "review the admissions made by [respondent] at his plea hearing in file no. 18-191890FC," because the admissions respondent made at the plea hearing were not presented to the trial court at the first adjudication hearing in an admissible form. Because the motion for new trial asked the trial court to reopen the case, in part, to consider respondent's admissions made during the criminal plea hearing, and these admissions were not presented to the trial court at the initial adjudication trial, it was not an error for the trial court to grant the motion for new trial on this basis.

Respondent essentially argues that DHHS could have called Detective Rufner at the first adjudication trial, but did not do so. Even if true, MCR 3.992 expressly allows a trial court to

grant a new trial when presented with "a matter not previously presented to the court," without regard to whether could have been presented, or that simply (even if it was presented), was "not previously *considered* by the court." MCR 3.992(A) (emphasis added). We are to enforce a court rule according to its plain language. *KH*, 469 Mich at 628. Because respondent's admissions made at the criminal plea hearing were neither presented to nor considered by the trial court in the first trial, the trial court did not err by considering DHHS's motion. MCR 3.992(A).

## D. REMEDY

Respondent also argues that DHHS's "proper remedy" if it wished to contest the denial of jurisdiction was to seek an appeal with this Court. While that remedy was certainly available to DHHS, the court rules clearly provide that a party may seek a new adjudication trial from the trial court. MCR 3.992. Therefore, there was nothing impermissible in DHHS's decision to move the trial court for a new trial rather than seek appellate relief from this Court.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra