*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JONES, Minors.

UNPUBLISHED
June 13, 2024

No. 368982
St. Joseph Circuit Court
Family Division
LC No. 22-000574-NA

Before: RICK, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the amended trial court order terminating her parental rights with consent to her two minor children, GJ and KJ.[1]  Respondent argues that the trial court erred by terminating her parental rights with consent by concluding that termination was in the children's best interests without providing any best-interest analysis.  We affirm.

Both of respondent's children were born testing positive for illegal drugs, and were removed from her care upon the birth of the second child in August 2022.  The petition for removal was authorized after respondent admitted to using methamphetamine during her pregnancy with KJ, that KJ was born testing positive for the drug, and that it was contrary to the welfare of the children for their mother to be using.  Respondent agreed to complete a case-service plan with the following services: obtain and maintain suitable housing, employment, and transportation; refrain from using illegal drugs and submit to random drug tests; complete a psychological evaluation and any recommendations; attend infant mental-health services; and attend parenting time once clean drug screens were admitted.

Although there were periods where respondent was in substantial compliance with services, she ultimately relapsed in her drug use, missed many drug tests and parenting time visits, was not in contact with the foster care worker, and was never promoted to unsupervised parenting

---

[1] The parental rights of the father of KJ and GJ were both terminated.

-1-

time because of her drug use.[2] When the permanency goal was changed from reunification to adoption in November 2023, and the court authorized the filing of a petition for termination, respondent was incarcerated for outstanding warrants on drug-related charges, specifically, two operating while intoxicated (OWI) cases for huffing inhalants. At the scheduled bench trial for termination, respondent consented to release her parental rights. The court found that respondent's consent was made knowingly, understandingly, and voluntarily, and that termination was in the children's best interests. Respondent now appeals, arguing that although she consented to termination, the trial court clearly erred in making its best-interests determination without providing any analysis.

A respondent does not need to take any special steps to preserve a challenge to the evidence in support of a court's findings or decision at a bench trial or hearing. MCR 2.517(A)(7). Thus, to the extent that respondent argues that the trial court's finding that termination was in the children's best interests was erroneous, it need not be preserved. This Court reviews a trial court's factual findings underlying a best-interests determination for clear error. MCR 3.977(K); *In re Gonzales/Martinez*, 310 Mich App 426, 430; 871 NW2d 868 (2015). A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). To be clearly erroneous, a decision must be more than maybe or probably wrong. *In re Sours*, 459 Mich 624, 633; 593 NW2d 520 (1999).

However, generally speaking, to preserve an issue for appellate review, the respondent must raise the issue in the trial court. See *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). Here, respondent consented to termination of her parental rights, and as such, did not object to the trial court's lack of analysis regarding best interests in the trial court. As such, this argument is unpreserved. Unpreserved errors in termination proceedings are reviewed for plain error. *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 345 n 3; 852 NW2d 180 (2014). The respondent must show that there was an obvious error that affected the outcome of the proceedings to be entitled to relief. *In re Utrera*, 281 Mich App at 8-9.

Respondent waived her challenge to the trial court's best-interests determination on appeal by expressly agreeing that termination was in the children's best interests when she released her parental rights on the record.[3] Regardless, no plain error occurred when the trial court failed to provide a best-interests analysis.

---

[2] GJ was involved in a tragic near-drowning accident while on vacation with the foster parent during the course of these proceedings. Respondent was granted temporary unsupervised parenting time only under the special circumstances of in-hospital parenting time with GJ in Florida after this incident.

[3] As an initial matter, we note that the trial court told respondent that it was unclear whether she could appeal the termination of her parental rights by consent, which respondent includes in the statement of facts section of her brief on appeal, but does not raise issue with. A respondent has an appeal as of right from "an order terminating parental rights," MCR 3.993(A)(4); see also *In re JK*, 468 Mich 202, 215-216; 661 NW2d 216 (2003), and any other final order in a termination

"[A] respondent can consent to termination of [her] parental rights under the juvenile code, in which case the judge need not announce a statutory basis for it." *Matter of Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). A respondent does this by conceding that the court would be able to find statutory grounds for termination.[4] *Id*. at 478. The respondent's release of parental rights under the Juvenile Code, MCL 712A.1 *et seq.*, must be made knowingly and voluntarily. *In re Burns*, 236 Mich App 291, 292-293; 599 NW2d 783 (1999). During ongoing termination proceedings under the Juvenile Code, a respondent may voluntarily release his or her parental rights under the Adoption Code, MCL 710.21 *et seq*. *In re Buckingham*, 141 Mich App 828, 834; 368 NW2d 888 (1985).[5] Terminating a respondent's parental rights under the Adoption Code is a separate statutory proceeding than a termination under the Juvenile Code. *In re Jones*, 286 Mich App 126, 128; 777 NW2d 728 (2009). As such, a respondent's consent to termination of parental rights does not transfer the proceedings from the Juvenile Code to the Adoption Code. *Toler*, 193 Mich App at 477-478. Regardless, termination of parental rights under either code must be in the child's best interests. See MCL 710.29(7) (release of parental rights under the Adoption Code is not accepted until the court ensures the decision is knowing and voluntary, and that the child is best served by the release if over five years old); MCL 712A.19b(5) (termination under the Juvenile Code must be in the child's best interests).

At the termination hearing, respondent clearly conceded that termination was in the best interests of her children. She was directly asked, "do you agree that termination of your parental rights is in the best interest of your children?" and she responded, under oath, "Yes." The trial court found that respondent's release was given freely and understandingly, which she does not challenge on appeal, and respondent signed a release form. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008) (quotation marks and citation omitted). "To allow a party to assign error on appeal to something that he or she deemed proper in the lower court would be to permit that party to harbor error as an appellate parachute." *LeFever v Matthews*, 336 Mich App 651, 670 n 3; 971 NW2d 672 (2021). Therefore, respondent has waived this issue on appeal. See *LME v ARS*, 261

---

proceeding, MCR 3.993(A)(7). Thus, although respondent consented to termination, the order terminating her parental rights is appealable by right, and the fact that she consented to termination goes to whether the issue is waived on appeal rather than this Court's jurisdiction.

[4] Respondent's attorney conceded at the termination hearing that there was a sufficient factual basis to establish termination of respondent's parental rights by clear and convincing evidence. Thus, the trial court did not announce under which statutory grounds termination would be appropriate.

[5] This Court is not strictly required to follow uncontradicted opinions decided by this Court before November 1, 1990, but they are nevertheless entitled to more deference than unpublished opinions. MCR 7.215(J)(1); *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

Mich App 273, 277; 680 NW2d 902 (2004) ("waiver is the intentional abandonment of a known right and it extinguishes any error.").[6]

Affirmed.

/s/ Michelle M. Rick
/s/ Kathleen Jansen
/s/ Anica Letica

---

[6] See also *In re Storm*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2019 (Docket No. 346592); p 10-11 (where the respondent consented to termination and expressly agreed that it was in the children's best interests, her challenge to the trial court's best-interests determination was waived on appeal); *In re Spencer*, unpublished per curiam opinion of the Court of Appeals, issued March 26, 2019 (Docket No. 344944); p 2 (where the respondent agreed to release her parental rights under oath and in writing, and stated that her release was voluntary, she waived challenge to the voluntariness of her release on appeal). Although unpublished opinions have no precedential value under MCR 7.215(C)(1), "this Court may follow an unpublished opinion if it finds the reasoning persuasive." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 42 n 10; 761 NW2d 151 (2008).