*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STORY, Minors.

UNPUBLISHED
February 10, 2025
10:51 AM

No.  371991
Lapeer Circuit Court
Family Division
LC No.  23-013087-NA

Before:  BOONSTRA, P.J., and M. J. KELLY and MALDONADO, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her minor children, MS and DS, pursuant to her release of parental rights.  Respondent's third child, VJ, is in a guardianship with her stepgrandmother and lives in Florida; she is not a party to this case.  We affirm.

## I.  BACKGROUND

Respondent has long suffered from a severe substance abuse disorder.  Consequently, respondent had multiple interactions with Children's Protective Services (CPS).  MS and DS were removed from respondent's care in May 2023 following an incident in which DS, who was one year old, overdosed on fentanyl while in respondent's care.  MS, who was nine years old at the time, was placed with her stepgrandmother while DS was placed in foster care.  Following a no-contest plea, the court assumed jurisdiction and adopted a case service plan.  Over the coming months, respondent struggled to comply with the service plan.  She frequently missed or was late for parenting time, she repeatedly missed drug screens, and she regularly tested positive for a variety of substances.  In May 2024, approximately a year after the children were taken into care, the permanency goal was changed to termination on the basis or respondent's lack of progress.  On July 12, 2024, respondent released her parental rights to MS and DS.

## II.  BEST-INTEREST FINDING

Respondent argues that the trial court erred by failing to make detailed best-interest findings.  We disagree.

-1-

This Court reviews de novo the trial court's interpretation and application of statutes and court rules. *In re Sanders*, 495 Mich 394, 403; 852 NW2d 524 (2014). This Court reviews a trial court's finding that termination is in the child's best interests for clear error. *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A trial court's decision is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. at 41 (quotation marks, citation, and alteration omitted).[1]

Respondent raises arguments pursuant to the Adoption Code, MCL 710.21 *et seq*., but this case was brought pursuant to the Juvenile Code, MCL 712A.1 *et seq*. "Respondent's decision to consent to the termination of [her] parental rights does not transfer the proceeding from the juvenile code to the adoption code." *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). The trial court does not need to announce a statutory basis for termination when a party consents to termination pursuant to the juvenile code, *id*., and we agree with a previous panel's conclusion that there is "no reason why a trial court would be required to articulate a best-interest finding under the same circumstances." *In re K Harmon Minor*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2015 (Docket No. 326895), p 1.[2] Therefore, respondent's best-interest argument is without merit.

## III. VOLUNTARINESS OF RELEASE

Respondent also argues the trial court erred by accepting her release of parental rights because it was not made knowingly and voluntarily. We disagree.

Parents may release their rights to minor children during proceedings brought pursuant to the juvenile code, but such releases must be knowing and voluntary. See generally *Toler*, 193 Mich App 477; see also *In re Burns*, 236 Mich App 291; 599 NW2d 783 (1999).[3] Once again, respondent attempts to support her position with inapplicable arguments pertaining to the adoption code. Nevertheless, the record offers no support for the conclusion that the release was not knowing and voluntary. The trial court fully explained what parental rights are, what the release

---

[1] Both parties contend that this issue is unpreserved. However, respondent is appealing directly from the court's finding that termination was in the best interests of the children, and "[n]o exception need be taken to a finding or decision." MCR 2.517(A)(7). Therefore, the issue is properly before us.

[2] Another panel applied *Toler* in support of the conclusion that a voluntary release made pursuant to the juvenile code does not require "a full advice of rights." *In JS Minor*, unpublished per curiam opinion of the Court of Appeals, issued August 16, 2002 (Docket No. 238488), p 1. Unpublished opinions of this Court are not binding, but may be considered for their persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

[3] There does not seem to be any published caselaw expressly stating that a release of parental rights made pursuant to the *juvenile* code, as opposed to the *adoption* code, must be knowing and voluntary. However, in light of parents' fundamental right to the care and custody of their children, it appears axiomatic that only knowing and voluntary releases of parental rights are acceptable. See *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982).

meant, and the permanent nature of the release. Nothing in the record suggests that respondent was in a state of emotional turmoil while releasing her rights. Respondent stated she was not under the influence of any drugs that would impair her ability to decide. She stated she had reviewed the release forms with her attorney and had no questions. Respondent cites a snippet of her psychological evaluation opining that she was prone to emotional decision making in support of her contention that the release was not knowing. Respondent also argues that her "symptoms of depression, paranoia, and cognitive anxiety" render her unable to understand the "substantive facts" of releasing her parental rights. However, respondent offers no explanation for how these psychological symptoms barred her from executing a voluntary release, and she has failed to overcome the evidence to the contrary. Respondent also suggests that she was pressured by her trial counsel into releasing her parental rights. However, respondent affirmed multiple times that she had voluntarily released her parental rights, and there is nothing in the record that indicates any pressure from respondent's attorney. Therefore, we have no basis upon which to conclude that the release was not knowing or voluntary.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado