IN THE MATTER OF BABY GIRL FLETCHER

OPINION OF THE COURT

1. COURTS—PROBATE COURTS—ADOPTION—JURISDICTION—REVOCATION.
   A probate court lacks jurisdiction and may not grant a hearing to consider whether a child adoption release should be revoked unless the Michigan Department of Social Services or the child placing agency acquiesces in the petition (MCLA 710.29[9]; MSA 27.3178[555.29] [9]).

2. COURTS—PROBATE COURTS—ADOPTION—MICHIGAN ADOPTION CODE —JUDGE'S DISCRETION—WELFARE OF CHILD.
   A trial judge has statutory discretion to decide a petition to set aside a child adoption release under the Michigan Adoption Code, but he does not have to rely on the adoption statute and may decide the petition on what he considers to be the best interests of the child (MCLA 710.29[9], 710.64[1]; MSA 27.3178[555.29] [9], 27.3178[555.64] [1]).

3. APPEAL AND ERROR—ADOPTION—WELFARE OF CHILDREN—LEGISLATIVE DETERMINATION—JUDICIAL POLICY.
   Remand to the Probate Court is inappropriate to investigate whether an infant's mother was told prior to an adoption release that she had 20 days to change her mind where the issue did not surface until oral arguments on appeal, because the Legislature has determined that finality in these matters is beneficial to the well-being of the children involved and this coincides with the judicial policy of not considering matters first raised on appeal.

DISSENT BY M. J. KELLY, P. J.

4. APPEAL AND ERROR—ADOPTION—MICHIGAN ADOPTION CODE—PROBATE ORDERS.
   *All orders entered under the Michigan Adoption Code, including*

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Adoption § 76.
   20 Am Jur 2d, Courts § 104.
[2] 2 Am Jur 2d, Adoption § 82.
[3, 5] 2 Am Jur 2d, Adoption § 46.
[4] 4 Am Jur 2d, Appeal and Error § 134.

a probate court order denying a child adoption release, are
appealable directly to the Michigan Court of Appeals within 20
days after the date of entry (MCLA 710.65; MSA
27.3178[555.65]).

5. APPEAL AND ERROR—ADOPTION—PROBATE COURT—REMAND—EVI-
   DENTIARY HEARING.

Proper appellate review, where the verbatim record of testimony
in an adoption release proceeding is of no help, requires re-
mand and an evidentiary record from the probate court to help
in assessing whether an infant's mother, prior to signing a
child adoption release, was told she had 20 days to change her
mind; if after such hearing the probate court finds that he is in
doubt as to whether or not the releasing parent relied on
advice (even though erroneous) that she had 20 days within
which to change her mind, then the probate court should grant
a rehearing of the order terminating her rights in the child and
decide this issue on its merits.

Appeal from Wayne, Harvey Moes, J. Submitted
February 11, 1977, at Detroit. (Docket No. 31038.)
Decided June 8, 1977.

Petition in Probate Court by a minor mother of
a child and her guardian ad litem to set aside a
child adoption release. Petition denied. Petitioners
appeal. Affirmed.

*Louis Demas,* for petitioner.

*Regina F. Shapiro,* for Lutheran Children's
Friend Society of Michigan.

Before: M. J. Kelly, P. J., and J. H. Gillis and
R. M. Maher, JJ.

R. M. Maher, J. Judge Kelly's dissent ade-
quately treats the issue that is properly before this
Court. The probate court lacked jurisdiction to
revoke the release under MCLA 710.29(9); MSA
27.3178(555.29)(9), and did not abuse the discretion

granted it under MCLA 710.64(1); MSA 27.3178(555.64)(1).

It is inappropriate to remand this matter to investigate the "critical issue" of whether this infant's mother was told, prior to executing the release, that she had 20 days to change her mind. Had this issue been raised before the probate court, a swift resolution would have followed. Instead, the allegation that the mother was under a misapprehension of the consequences of her release did not surface until oral arguments before this Court. The legislative determination that finality in these matters is beneficial to the well-being of the children involved coincides with the judicial policy of not considering matters first raised on appeal.

Affirmed.

J. H. Gillis, J., concurred.

M. J. Kelly, P. J. *(dissenting).* Appellant is an unemancipated minor who executed an adoption release of her child pursuant to MCLA 710.28; MSA 27.3178(555.28) of the Michigan Adoption Code. The child, then about six weeks old, was released to the Lutheran Children's Friend Society of Michigan. The release was signed by the appellant and her guardian ad litem on September 1, 1976. Within 20 days appellant changed her mind and she and her guardian ad litem filed a petition to set aside the release. The child placing agency refused to join in that petition as is required by MCLA 710.20(9); MSA 27.3178(555.29)(9).

"(9). Upon petition of the same person or persons who executed the release and of the department or child placing agency to which the child was released, the court with which the release was filed may grant a

hearing to consider whether the release should be revoked. A release may not be revoked if the child has been placed for adoption. A verbatim record of testimony related to a petition to revoke a release shall be made."

An issue is raised as to whether or not the probate court had jurisdiction to hear appellant's petition to revoke her release because the child placing agency did not join in the petition. We hold that the intent of the Legislature is clear and unmistakable that under Sec. 29(9) of the Michigan Adoption Code above quoted, a hearing may *not* be granted to consider whether a release should be revoked unless the Michigan Department of Social Services or the child placing agency acquiesces in the petition. We use the term "acquiesces" deliberately leaving open the method or form such acquiescence might take.

The trial judge did not rely on the § 9 provision in denying plaintiff's petition. He decided the petition on what he considered to be the best interests of the child:

"In the instant case I do not find any satisfactory or acceptable plan so far as the future of this baby is concerned. I do not find that in any respect that it would be for the best interest of Baby Girl Fletcher to grant this rehearing.

"Taking the petition for rehearing at face value and assuming that everything that is in that petition is accurate and unequivocably [sic] true, I would not grant a nullification of the release. This would be in spite of the fact that I believe the statute required that the petition for rehearing be joined in by the agency. This is another reason for denying the rehearing but not the only reason.

"The best interest of this particular child, taking everything at face value, what I read in the file, statements of both counsel, my interpretation of the law,

and my firm belief on what is the best interest at this time and in the future of Baby Girl Fletcher."

The appellant argues that the trial court had jurisdiction over the petition under the provisions of MCLA 710.64(1); MSA 27.3178(555.64)(1):

"Sec. 64. (1) Upon the filing of a petition in probate court within 20 days after entry of any order under this chapter, and after due notice to all interested parties, the judge of probate may grant a rehearing and may modify or set aside the order."

We agree but we find from the transcript that the trial judge recognized his discretion in the matter and exercised it against the prayer of the petitioner. We have treated the question of a hearing on the petition to revoke the release and the issue of a rehearing under § 64 before reaching the critical issue because we have unanimously found no reversible error on those issues. The critical issue is framed by appellant's claim that she was told prior to executing the release that she could change her mind anytime within 20 days and she was given a form by the agency to fill out which would result in revoking the release if filed with the court within 20 days. It is on this issue that I find myself in disagreement with the majority.

This issue is not addressed by the appellee. No testimony was taken or evidence received on this issue below.[1] MCLA 710.29(5); MSA 27.3178(555.29)(5) provides:

---

[1] Counsel for appellant emphasizes that the rehearing petition was filed within 20 days. If I correctly apprehend the majority's ruling, the petition for rehearing was deficient in that it did not contain the argument that the mother thought she had 20 days to revoke her consent. I recognize and appreciate the majority's perspective that this argument is hindsight and afterthought. But for reasons which I hope will become clear hereafter, I think there should be a full hearing on this issue and a record made thereof below for this Court

"(5) A release by a parent or a guardian of the child shall not be executed until after such investigation as the court deems proper and until after the judge, referee, or other person authorized in subsection (2) has fully explained to the parent or guardian the legal rights of the parent or guardian and the fact that the parent or guardian by virtue of the release voluntarily relinquishes permanently his or her rights to the child."

I note that the release contains a statement that the referee fully explained the appellant's legal rights to her; it contains the notation, "a verbatim record of testimony was made". That record is woefully deficient. It reads in full as follows:

"*Court:* This is in the matter of Baby Girl Fletcher. This matter is before the Court on a petition (inaudible) application asking for release of the child to the Lutheran Children's Friend Society. And, are you the mother of Baby Girl Fletcher and you wish to relinquish all of your rights to this child to the Lutheran Children's Friend Society of Michigan?
"*Mother:* Inaudible."

Obviously it is not very helpful. The release form provides the following paragraph immediately above appellant's signature:

"I understand that I have the right to appeal within 20 days of the court termination of my parental rights which termination will immediately follow my voluntary relinquishment of my parental rights. (Section 65, Act 296)."

Did this 15 year old appellant understand? She says not. The statutory reference is MCLA 710.65; MSA 27.3178(555.65) which provides for appeal from the probate court order to our Court. It has

to review. No testimony was taken on any issue on the petition for rehearing which was summarily denied.

nothing to do with any claim that the order remains interlocutory for 20 days.[2] The verbatim record of testimony referred to in the release is no help at all in assessing her claim that she was told she had 20 days to change her mind.[3] We need an evidentiary record for proper appellate review.

I would order remand to the probate court for an evidentiary hearing on the appellant's allegation. I would order that the probate court conduct a hearing within 30 days at which testimony be taken from the appellant, her guardian ad litem, the probate court referee who conducted the deficient release hearing, and the agency case worker (Ms. Patricia Hanna) concerning plaintiff's claims. After such hearing, if the probate court finds that he is in doubt as to whether or not plaintiff relied on advice that she had 20 days within which to change her mind (even though that advice was

[2] All orders entered under the Michigan Adoption Code, MCLA 710.21, *et seq.;* MSA 27.3178(555.21), *et seq.,* are appealable directly to the Michigan Court of Appeals within 20 days after the date of entry in accordance with MCLA 710.65; MSA 27.3178(555.65). Appeals were formerly to the circuit court for the same county.

[3] Can there be any doubt that there is widespread confusion surrounding a natural mother's rights to revoke her consent to an adoption? I surmise that the language on the release form contributes to that confusion. I would take this opportunity to suggest to the probate court, the Department of Social Services and the child placing agencies, that the language referring to "the right to appeal within 20 days" may have contributed to appellant's claimed confusion. The purpose of the release procedure provided in the code is to eliminate some of the confusion created in the past and to cast the release ritual in the most conclusive, final and irrevocable terms appropriate to the always equivocal language of the law. There is always appeal. However would not the advice be more accurate and more comprehensible, especially to the unlettered or unsophisticated, if it said:

"I understand that this is a final release and that I have no right to change my mind hereafter."

If it is deemed desirable to include appellate information on the release I think that emphasis should be placed upon seeking the prompt advice of an attorney. It is no simple matter to process a claim of appeal in this Court and the person or persons signing the release should be warned that the right to obtain review is lost after 20 days from the date of the entry of the order in the probate court as to which the party is aggrieved.

erroneous) then the probate court shall grant the petition for rehearing of the order terminating appellant's rights dated September 1, 1976, and decide the same on its merits. The probate court shall then either vacate or affirm the order terminating appellant's rights, as the case may be, and certify the entire record and transcript of the hearings to this Court for decision on the merits of the appeal.