### In re CURRAN

Docket No. 137140. Submitted August 5, 1992, at Detroit. Decided October 19, 1992, at 10:00 A.M.

Elizabeth M. Curran petitioned the Wayne Probate Court, Juvenile Division, for a rehearing involving her release of parental rights to her infant son six days earlier, alleging, in general, that she had been pressured into signing the release and had changed her mind. The court, Frances Pitts, J., denied the petition. The petitioner appealed by leave granted.

The Court of Appeals *held:*

The probate court did not abuse its discretion in denying the petition for a rehearing. The petitioner's release was voluntary, and a sufficient inquiry was conducted at the time by the court. The petitioner was not entitled to revoke the release solely on the basis of her change of heart.

Affirmed.

MICHAEL J. KELLY, J., dissenting, stated that it was an abuse of discretion to refuse the petitioner's request for a rehearing. It was reasonable for the petitioner to conclude from the court's statements at the hearing regarding the release that she could have a second chance, and that a change of heart or mind would be honored.

PARENT AND CHILD — RELEASE OF PARENTAL RIGHTS — REHEARING.

It is not an abuse of discretion for a probate court to deny a petition for a rehearing regarding a party's release of parental rights where the court makes a sufficient inquiry with regard to the voluntariness of the release at the time it is given and a rehearing is sought solely on the basis of the party's change of heart following the release (MCL 710.29[9], 710.64; MSA 27.3178[555.29][9], 27.3178[555.64]).

*Kim D. Johnson,* for Elizabeth M. Curran.

REFERENCES

Am Jur 2d, Adoption §§ 23, 24, 46.

Comment Note.—Right of natural parent to withdraw valid consent to adoption of child. 74 ALR3d 421.

*Ralph H. Watt,* for the minor child.

Before: CORRIGAN, P.J., and MICHAEL J. KELLY
and GRIFFIN, JJ.

GRIFFIN, J. Petitioner, Elizabeth M. Curran, appeals by delayed leave granted an October 25, 1990, order of the Wayne Probate Court. In the order, the court denied petitioner's request for rehearing pursuant to MCL 710.29(9); MSA 27.3178(555.29)(9) and MCL 710.64; MSA 27.3178(555.64) and refused to allow petitioner to revoke a prior release of her parental rights. Finding no abuse of discretion, we affirm the decision of the probate court.

On September 20, 1990, petitioner appeared in the Wayne Probate Court and signed a voluntary release of her parental rights to her son for purposes of adoption. Before she signed the release, the following exchange took place between petitioner and the court:

> *The Court:* . . . Mother, you're still under oath. Would you again state your name for the record?
> *Ms. Curran:* Elizabeth Curran.
> *The Court:* Is your middle name Marie?
> *Ms. Curran:* Yes, it is.
> *The Court:* And, are you the mother of Baby Boy Curran, date of birth June 14, 1990?
> *Ms. Curran:* Yes, I am.
> *The Court:* Was that child born in Dearborn, Wayne County, Michigan?
> *Ms. Curran:* Yes, he was.
> *The Court:* And, do you understand why you're here today?
> *Ms. Curran:* To give up my parental rights.
> *The Court:* And, are you doing this freely and voluntarily?
> *Ms. Curran:* Yes, I am.
> *The Court:* Do you understand by doing this that

you are permanently giving up your rights to the child?

*Ms. Curran:* Yes.

*The Court:* Do you understand included in those rights are the rights to visit, the right to custody, the right to support, the right to inherit anything from the child or the child to inherit anything from you?

*Ms. Curran:* Yes.

*The Court:* Knowing that, is this what you really want to do?

*Ms. Curran:* Yes, it is.

*The Court:* And, the reason I ask is because you're crying about it. Are you certain this is what you want to do?

*Ms. Curran:* Yes, it is.

*The Court:* You're saying this freely and voluntarily?

*Ms. Curran:* Yes, I am.

*The Court:* Do you understand further that you have a right to request a rehearing within 20 days and to appeal within 21 days of this order being entered? After that you would be barred from raising the question.

*Ms. Curran:* Yes, I do.

*The Court:* Therefore, if you're doing this of your own free will, releasing and giving up completely and permanently your parental rights to the child Baby Boy Curran and releasing that child to Keane Center for Adoption for the purpose of adoption, if you would sign these forms just as your name is typed beneath, including your middle name. (Whereupon, the petitioner signed the forms).

An order terminating petitioner's parental rights was filed the same day, and the child was committed to the Keane Center for Adoption for adoptive placement. Six days later, on September 26, 1990, petitioner filed a petition for a rehearing, alleging generally that she was pressured into

signing the release. Specifically, the petition stated:

> I did not know before the hearing that I could change my mind, I felt pressured by everyone around me to give my baby up for adoption! But this is not right for me, I'm already the mother of two healthy intelligent girls and I know I could also be a good mother to my son if given back the chance[.] I'm going to school for medical asst. and already have two jobs lined up for when I finish so I will be financialy [sic] able to take care of him.

On October 25, 1990, a hearing was held with regard to petitioner's request. Although petitioner was not present at the beginning of the hearing, she was represented by counsel and she later appeared while the hearing was in progress. Petitioner did not testify. However, counsel for petitioner argued that petitioner was led to believe that she could change her mind for any reason within twenty days, and that, in any event, this should be the law. In rejecting these arguments, the court reasoned:

> *The Court:* I have reviewed the matter. What I was doing just now is going back over the release transcript. I was looking at the mother's petition for review.
>
> I do find that the mother did release the child voluntarily. And, even in her petition for rehearing I do not see that mother does not say that she did not, voluntarily. It's more that she changed her mind. And, that in and of itself; the fact that the mother voluntarily released the child—the court is convinced of this. This is enough for the court to deny this petition.
>
> But, I also think that should be considered that we have a child who was born in June. This matter came in for the release in September. Came in for the release towards the end of Sep-

tember. The child was born in mid-June. This is a child that mother has not seen, does not having bonding. And, bonding is so critical. Even when there has been contact, much more than mother has had with the child, it's often difficult to make up that bonding that was missed, at that point.

Also, in that I ruled that it is a voluntary release. I do think that looking at what is in the best interests of the child, one does need to look at that. That when you consider the whole bonding issue which would play a part here, you have to look at that. For both of these reasons I am denying this petition for rehearing. The previous order will stand.

In her sole issue on appeal, petitioner contends that it was an abuse of discretion for the probate court to deny her petition for a rehearing without taking evidence regarding the issue of undue influence. We disagree.

Initially, we note that at the October 25, 1990, hearing, petitioner was not present in the courtroom until the conclusion of counsel's argument. At this point, the court interjected and informed counsel, "your client is here." In response, counsel simply stated that she had nothing further to add. We can only speculate with regard to why petitioner was not called to testify at this point to support her claim that she was misled and thought that a "rehearing" meant she could revoke for any reason within twenty days. In any event, given counsel's statement that there was "nothing further," we cannot place the blame on the probate court.

More importantly, however, we find no error in the court's decision to deny petitioner's request for relief. We think it clear from the petition and the remainder of counsel's argument below that petitioner simply changed her mind. Petitioner's claim

that she "felt pressured" is vague and unspecific. Furthermore, we agree with the probate court that the transcript of the September 20, 1990, hearing establishes clearly and unequivocally that petitioner's release was voluntary, and that a sufficient inquiry was conducted. See *In re Blankenship,* 165 Mich App 706, 714; 418 NW2d 919 (1988). Petitioner was not entitled to revoke her release solely on the basis of her change of heart, and we are unable to conclude that the court abused its discretion. *Id.* at 713.

Affirmed.

CORRIGAN, P.J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* It seems to me that fundamental fairness requires the probate court to inform the releasing mother that a change of heart or a change of mind is not sufficient to justify a grant of a rehearing or a modification of the order granting waiver. The probate court in *In re Blankenship,* 165 Mich App 706, 709-710; 418 NW2d 919 (1988), explained to both parents "that mere change of mind was not sufficient to set aside the releases." That critical step is missing in this case. "A change of mind by the natural mother is not in and of itself an evil thing. Instead, it is to be accorded great sympathy and, in a proper case, encouragement and favorable action." *In re John J,* 135 Misc 2d 728, 739; 516 NYS2d 842 (Family Ct, 1987).

The mother in this case contends she was misled by the following advice:

> *The Court:* Do you understand further that you have a right to request a rehearing within 20 days and to appeal within 21 days of this order being entered? After that you would be barred from raising the question.

It seems eminently reasonable to me that she concluded she had a second chance and that a change of heart or mind would be honored. We do not know that for a certainty because no evidentiary hearing was conducted, but able counsel at the petition hearing adequately argued that point, and the mother did not have counsel at the waiver hearing. I consider that on these facts it was an abuse of discretion to refuse petitioner's request for a rehearing.

I have noted the confusion attendant to consent revocation in adoption proceedings as far back as 1977, with particular emphasis on the deception accompanying advice to the callow of an impotent right to appeal. See *In re Baby Girl Fletcher*, 76 Mich App 219, 224-225; 256 NW2d 444 (1977) (MICHAEL J. KELLY, P.J., dissenting).

I would reverse the probate court order denying petitioner's request for a rehearing.