*In re* BURNS

Docket No. 212585. Submitted May 6, 1999, at Lansing. Decided June 18, 1999, at 9:10 A.M.

The parental rights of Sherman Puryear in Maddie L. Burns were terminated by the Alpena Circuit Court, Family Division, after Puryear voluntarily released his rights in conjunction with the child's adoption. Puryear petitioned the court for a rehearing and for the vacation of his release of parental rights, stating that he had had a change of heart. The court, Joseph P. Swallow, J., granted a rehearing, but denied the request for vacation of the release of parental rights. Puryear appealed.

The Court of Appeals *held*:

The court did not abuse its discretion in denying the request for vacation of the release of parental rights. The release complied with the requirements of MCL 710.29(6); MSA 27.3178(555.29)(6) and was knowingly and voluntarily made. The trial court properly relied on the child's best interests in determining whether to vacate the release.

Affirmed.

ADOPTION — VOLUNTARY RELEASE OF PARENTAL RIGHTS — REVOCATION.

The family division of a circuit court has the discretionary power to set aside an adoption-related voluntary release of parental rights on the basis of a parent's change of heart; the court must consider the child's best interests in determining whether the release should be set aside (MCL 710.64; MSA 27.3178[555.64]).

*William A. Pfeifer*, for Sherman Puryear.

*Monica Farris Linkner*, for Catholic Human Services and prospective adoptive parents.

Before: GRIBBS, P.J., and KELLY and HOOD, JJ.

GRIBBS, P.J. In this action under the Adoption Code, MCL 710.21 *et seq.*; MSA 27.3178(555.21) *et seq.*, petitioner appeals as of right from an order granting his

request for rehearing but, upon rehearing, denying his request to vacate his prior release of parental rights to the minor child. We affirm.

Petitioner argues that the family court abused its discretion in failing to vacate his release. Having considered petitioner's arguments in light of the entire record, including the court's reasons for denying the motion for reconsideration under MCR 2.119(F), we find no abuse of discretion. Petitioner's reliance on MCL 710.39; MSA 27.3178(555.39) is misplaced because this case does not involve a petition to involuntarily terminate parental rights. The family court properly exercised its discretion under the standards governing the voluntary release of parental rights and rehearings. See MCL 710.29(10); MSA 27.3178(555.29)(10); MCL 710.64; MSA 27.3178(555.64); MCR 5.756; *In re Blankenship*, 165 Mich App 706; 418 NW2d 919 (1988); *In re Koroly*, 145 Mich App 79; 377 NW2d 346 (1985). The family court, in the course of rendering its decision, also properly found that the investigation conducted at the time that petitioner executed his release on March 5, 1998, complied with statutory requirements. MCL 710.29(6); MSA 27.3178(555.29)(6); *In re Blankenship*, *supra* at 714. Further, we are not persuaded that petitioner has demonstrated any error in the family court's determination, after considering the additional evidence introduced relative to the petition for rehearing, that petitioner's release was knowingly and voluntarily made.

Because petitioner's release was both knowing and voluntary and because petitioner sought rehearing on the specific ground of a change of heart, the family court properly relied on the best interests of the child

for guidance when determining whether to vacate petitioner's release. *Id.* at 713; *In re Jackson,* 115 Mich App 40; 320 NW2d 285 (1982). The family court did not abuse its discretion, upon rehearing, when denying petitioner's request to have the release vacated. *In re Blankenship, supra* at 713. See also *In re Curran,* 196 Mich App 380, 385; 493 NW2d 454 (1992); *Fletcher v Fletcher,* 447 Mich 871, 879; 526 NW2d 889 (1994).[1]

Finally, we express no opinion with respect to petitioner's argument regarding the birth mother's parental rights. Petitioner's argument is not properly before this Court, *Meagher v McNeely & Lincoln, Inc,* 212 Mich App 154, 156; 536 NW2d 851 (1995), and petitioner has not established any standing to raise this argument. *People v Yeoman,* 218 Mich App 406, 420; 554 NW2d 577 (1996).

Affirmed.

---

[1] Although the finality of release under MCL 710.29(6); MSA 27.3178(555.29)(6) is well established, this has long been a sad area of confusion for parents. See *In re Curran,* 196 Mich App 380; 493 NW2d 454 (1992); *In re Baby Girl Fletcher,* 76 Mich App 219; 256 NW2d 444 (1977). We again urge creation of a clearly worded uniform release advice form so that parents will understand that, although there is a technical right to rehearing within twenty-one days, that right will not permit the court to set aside the release unless it is convinced that it is in the best interest of the child to do so.