# STATE OF MICHIGAN

# COURT OF APPEALS

In the Matter of MOORE/PEGUES, Minors.

UNPUBLISHED
November 18, 2014

No. 319712
Muskegon Circuit Court
Family Division
LC No. 12-041976-NA

Before: SHAPIRO, P.J., and WHITBECK and STEPHENS, JJ.

PER CURIAM.

Respondent-mother appeals from the trial court order terminating her parental rights to the three minor children under the Juvenile Code, MCL 712A.1 *et seq.* We reverse and remand for entry of an order terminating her parental rights under the Adoption Code, MCL 710.21 *et seq*.

Respondent's three children were removed from her care on June 29, 2012. On July 11, 2012, the trial court found, by a preponderance of the evidence, that there were statutory grounds to exercise jurisdiction over the children under MCL 712A.2(b) because respondent failed to provide the children with appropriate care and because her home was an unfit environment.

On November 20, 2013, the date set for a termination hearing under the Juvenile Code, the parties reached an agreement that they placed on the record. Under this agreement, respondent would agree to voluntarily terminate her parental rights to the three minor children, but would do so under the Adoption Code rather than the Juvenile Code. The reason for taking the plea under the Adoption Code was explicitly set forth at the hearing, namely that respondent wished to avoid the possibility that the instant termination might serve as a basis for termination of other children she might later have because termination of a parent's rights under the Juvenile Code constitutes a statutory basis for termination of rights as to another child. MCL 712A.19b(3)(l) provides that statutory grounds for termination of parent's parental rights exist where "[t]he parent's rights to another child were terminated as a result of proceedings under section 2(b) of this chapter . . . ."[1] At the hearing, the prosecutor indicated his agreement with

_____

[1] The proceedings in this case did not involve allegations of abuse as defined in MCL 712A.19b(3)(m) and, therefore, respondent's voluntary termination would not provide for the application of that subsection as to any future children.

-1-

termination under the Adoption Code. He affirmatively stated that respondent's "release here will not be used against her in any way to terminate the rights of any other children she may have" and stated that, "what I am asking the Court to do is to take her release under the adoption code as opposed to termination under the juvenile code." The court reviewed the "Advice of Rights Termination of Parental Rights" form that respondent signed. The form stated: "I understand that my plea in this case cannot be used as a basis for the termination of my parental rights with any other child of mine." The court confirmed this understanding by asking respondent: "And do you understand that this plea cannot be used against you later on to terminate rights on another child," to which respondent answered, "yes." Respondent then stated her belief that termination was in the best interests of the children and the trial court found as such.

The order entered by the court on November 25, 2013, however, was a form order used for terminations under the Juvenile Code. The form provided that "there is clear and convincing evidence that a statutory basis exists for terminat[ion,]" although the trial court made no such finding and the order referenced no particular statutory ground.

In her brief to this Court, respondent argues that the trial court clearly erred when it terminated her parental rights under the Juvenile Code without ever determining any statutory grounds for termination. Petitioner responds that, "[a]lthough the proceedings in this case were initiated under the juvenile code, the release and termination of the Respondent's parental rights were handled under the adoption code" and argues that because respondent failed to seek rehearing or appeal within 21 days, this Court lacks jurisdiction. See MCL 710.65(1).

To some degree, both parties are correct. Respondent is correct that termination was not properly established under the Juvenile Code. Petitioner is correct that the order of termination should have referenced the Adoption Code as its basis rather than the Juvenile Code.

The cause of this confusion arises from the trial court's failure to carefully separate the proceedings under the Juvenile Code and the Adoption Code. When respondent indicated that she wished to release her rights, the trial court should have ordered a recess in the Juvenile Code proceeding and begun an Adoption Code proceeding. After taking respondent's release and entering the appropriate orders under the Adoption Code, the trial court could then have reconvened the Juvenile Code proceeding and entertained and taken under advisement a motion to dismiss the Juvenile Code termination petition as to respondent. Upon the expiration of the time period for respondent to request a rehearing and/or file an appeal under the Adoption Code, MCL 710.64(1); 710.65(1), the trial court could then have granted the motion to dismiss the Juvenile Code termination petition as to respondent.

Though respondent's claim of appeal was not timely filed, we exercise our discretion to treat it as a delayed application for leave to appeal, which we grant.[2] See, e.g., *In re Beatrice*

---

[2]A party may seek delayed appeal from an order terminating parental rights within 63 days. MCR 3.993(C)(2); 7.205(G)(6).

*Rottenberg Living Trust*, 300 Mich App 336, 354; 833 NW2d 384 (2013). Further, because the trial court entered an order voluntarily terminating respondent's parental rights under the Juvenile Code instead of under the Adoption Code, we vacate that order and remand for entry of an order terminating respondent's parental rights under the Adoption Code, consistent with the intent of the parties.[3] Because this will constitute the first written order terminating respondent's parental rights, respondent will retain her right to move for a rehearing and/or timely file an appeal.[4]

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ William C. Whitbeck
/s/ Cynthia D. Stephens

---

[3] The voluntary release of parental rights must be "knowingly and voluntarily made." *In re Burns*, 236 Mich App 291, 292; 599 NW2d 783 (1999). Thus, because the order entered by the trial court terminated respondent's parental rights under the Juvenile Code, not the Adoption Code, we cannot conclude that respondent's release was knowingly and voluntary made, as she was told that her release would not provide statutory grounds for termination of her rights to any other children. Because a parent's rights to their children are fundamental, see *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009), we find that the entry of an order terminating respondent's rights to the three children under the Juvenile Code constituted plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

[4] We note that respondent's arguments in this appeal that her plea was made without "free will" because she was only 19 years old, that she was indecisive regarding the plea, and that she "hastily agreed to release her parental rights" appear unconvincing. The proceedings in this case began more than fifteen months prior to termination. Respondent attended numerous hearings and was consistently represented by counsel. Her statements at the termination hearing indicate that she understood the consequences of a plea under the Adoption Code voluntarily elected to release her rights under that Code. She further stated her belief that termination was in the children's best interests.