*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re K. L. SPENCER, Minor.

UNPUBLISHED
March 26, 2019

No. 344944
Kent Circuit Court
Family Division
LC No. 17-053197-NA

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child, KLS, pursuant to mother's release of her parental rights. We affirm.

KLS originally was removed from mother's care because mother was homeless, she did not facilitate for KLS's proper care with relatives, and she was in a relationship with a man who had five previous terminations and one child in foster care. Mother participated in services for approximately seven months. She gave birth to another child in July 2018. The following day, mother released her parental rights to KLS. The trial court accepted mother's release and entered an order terminating her parental rights. This appeal followed.

On appeal, mother argues that the trial court erred in allowing her to release her rights because she had recently given birth and she had been diagnosed with depressive disorder with postpartum onset. We disagree.

Mother did not argue that mental illness precluded her from knowingly and understandingly releasing her parental rights in the trial court. Therefore, she failed to properly preserve this issue for appellate review. See *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).[1] This Court reviews a trial court's investigation involving whether a

---

[1] Additionally, mother verbally waived her right to challenge her release of her parental rights by repeatedly stating on the record that she was aware of the consequences of her actions even in light of her recent delivery of a child, even though she now contends that she lacked capacity to make such a decision.

-1-

respondent-parent's release of parental rights was made knowingly and voluntarily for an abuse of discretion. See *In re Blankenship*, 165 Mich App 706, 714; 418 NW2d 919 (1988). However, unpreserved issues are reviewed for plain error affecting respondent's substantial rights. *In re VanDalen*, 293 Mich App at 135. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citations omitted).

A respondent-parent's release of parental rights under the Juvenile Code, MCL 712A.1 *et seq*., must be made both knowingly and voluntarily. See *In re Burns*, 236 Mich App 291, 292; 599 NW2d 783 (1999). See also MCR 3.971(C)(1).[2] "[A] respondent can consent to termination of [their] parental rights under the juvenile code, in which case the judge need not announce a statutory basis for" termination. *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992).

At the outset, mother agreed to the release of her parental rights under oath and in writing. She stated that her choice was entirely voluntary. Therefore, mother has waived this issue on appeal. See *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.") (quotation marks omitted).

At any rate, we conclude that mother's release of her parental rights was knowing and voluntary. See *In re Burns*, 236 Mich App at 292. At the uncontested termination hearing, mother's counsel explained that he and mother discussed releasing her parental rights to KLS "over the last couple of weeks" and a similar conversation occurred "several months ago." The trial court then placed mother under oath and explained that mother was entitled to a hearing if the Department of Health and Human Resources sought termination. The trial court also explained that mother would be permanently relinquishing her rights to KLS if she released her parental rights. Mother stated that she understood. In regard to voluntariness, the trial court extensively questioned her regarding her mental and physical state. The trial court then read the Amendment to Petition for Termination into the record, which stated that mother acknowledged that she was unable to provide a safe, stable, and non-neglectful home environment for KLS and would be unable to do so within a reasonable time. Further, the amendment stated that it would be in KLS's best interests to terminate mother's parental rights. Mother stated that she understood what the document stated and that she wanted to sign it to ultimately release her parental rights. Then, she signed the document. The trial court found that mother knowingly, understandingly, and voluntarily agreed to the amendment, and that it was in KLS's best interests to terminate mother's parental rights.

The trial court did not err in concluding that mother's release was made knowingly, understandingly, and voluntarily. Her counsel indicated that he had discussed the possibility of mother releasing her rights weeks before the hearing. In addition, she clearly understood that she

---

[2] Although the cited case is in regard to the adoption code, MCL 710.21 *et seq*., and the court rule is in regard to a plea during the adjudication trial portion of the termination proceedings, we see no reason why a release of parental rights need not also be knowing and voluntary.

was terminating her parental rights to KLS. She stated, under oath, that this decision was voluntary. Further, the trial court questioned the mother regarding her mental and physical state, including whether she was taking narcotic pain medications and whether giving birth the previous day affected her decision. She stated that she was only taking Tylenol and Motrin for pain and that recently giving birth did not affect her decision. She also denied that she was experiencing any form of mental health issues that might affect her decision.

Indeed, on appeal, mother does not argue that she was suffering from physical or mental ailments that precluded her from voluntarily releasing her parental rights. Instead, she contends that it merely was likely given her diagnosis of depression with postpartum onset. The mother has not provided any evidence to this Court, other than her own speculation, that she was suffering from a mental illness that caused her to be unable to knowingly and voluntarily release her parental rights at the time she did so. As a result, we conclude that trial court conducted a sufficient inquiry and that the hearing transcript shows that mother's release was knowing and voluntary. See *In re Toler*, 193 Mich App at 477. Therefore, the trial court did not plainly err in accepting mother's release of her parental rights to KLS. See *In re VanDalen*, 293 Mich App at 135.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica