*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* McGRATH/GROENINK, Minors.

UNPUBLISHED
May 12, 2022

No. 358697
Kent Circuit Court
Family Division
LC No. 19-051471-NA;
19-051472-NA

Before: GLEICHER, C.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Respondent[1] appeals by right the trial court's order terminating her parental rights to her two minor children after she released her rights to the children. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Because the issue on appeal involves only the trial court's decision to accept respondent's release of her parental rights, we will only briefly summarize the facts of the underlying child protective proceeding.

In 2019, petitioner, the Department of Health and Human Services (DHHS), petitioned the trial court to remove the children from respondent's care because the family home was dirty, the children were often unkempt, and the children were repeatedly found to have head lice. Additionally, petitioner alleged that respondent would allow her friends to stay in the family home, and they would assault each other in front of the children. Furthermore, respondent had some kind of "issues with intellectual functioning." DHHS provided respondent with numerous services to help rectify her barriers to reunification with the children, including cleaning schedules and therapy sessions. Respondent was unable to rectify her barriers to reunification with the children,

---

[1] The children's fathers were also respondents in the proceedings below, and their parental rights were terminated. Neither father is a party to this appeal, and this opinion's use of "respondent" refers to the minor children's mother.

and a termination hearing was held in 2021. At the beginning of the termination hearing, respondent released her parental rights to the children.

At the termination hearing, the trial court swore respondent in and asked her questions to "confirm that it's [her] intention to execute what we call the loving and difficult release of rights." The trial court asked respondent if anyone had threatened her, and she answered "no." The trial court then asked respondent if anyone had offered her any money, special treatment, or anything that had not been placed on the record for her to sign a release of her parental rights, she answered "no." The trial court then read into the record the exact language of the written release form being offered by respondent:

> [Mother] respectfully acknowledges that she is unable to provide a safe, stable, nonneglectful home environment, though financially able to do so, and will be unable to do so within a reasonable amount of time. She has come to the difficult and loving conclusion after carefully considering all actions taken and exhibits entered, including those of today, that the best interests of her children . . . would be served by the termination of her parental rights. Therefore, she does not contest the termination of her parental rights.

The trial court asked respondent if the language of the release conformed to her understanding of the release she intended to sign, and she said "yes." The trial court then asked respondent's counsel if respondent was "signing the release knowingly and understandingly," and her counsel answered:

> I believe she is, your Honor. We've had discussions today. We previously had discussed some of these types of language. But we've discussed it at length today and I believe that she does understand it and that she is doing this knowingly, and most of all in the children's best interest.

Respondent then signed the release. The trial court told respondent that it would issue an order terminating her parental rights, informed her of her appellate rights, and ensured that she had received an advice of rights form. The trial court subsequently issued an order terminating her parental rights. This appeal followed.

## II. STANDARD OF REVIEW

Respondent never raised before the trial court the issue of whether her release was knowingly, understandingly, and voluntarily made. "In general, issues raised, addressed, and decided by the trial court are preserved for appellate review." *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). "Our review is therefore limited to plain error affecting substantial rights." *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008) (citation omitted).

## III. ANALYSIS

Respondent argues that the trial court erred by accepting her release of her parental rights. We conclude that respondent has abandoned this argument.

"A release or consent is valid if executed in accordance with the law at the time of execution." MCR 3.801(B). Additionally, the trial court "shall not accept a plea of admission or

of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made." MCR 3.971(D)(1); see also *In re Burns*, 236 Mich App 291, 292; 599 NW2d 783 (1999). A respondent's "change of heart," alone, is not enough to set aside a release that was knowingly and voluntarily made. *In re Burns*, 236 Mich App at 292-293. A voluntary relinquishment of rights means that the decision must be the "product of a free and deliberate choice rather than intimidation, coercion, or deception." *People v Garwood*, 205 Mich App 553, 556; 517 NW2d 843 (1994) (quotation marks and citation omitted).

Respondent's entire argument on appeal is that "there was, however, not a substantial inquiry over [sic] [respondent's] present mental state" at the termination hearing. Respondent did not support this argument with any citation to legal authority, elaborate on it in any way, or direct this Court to portions of the record that provide factual support for her argument. "[W]hen a party merely announces his or her position and fails to cite any supporting legal authority, the issue is deemed abandoned." *Hooker v Moore*, 326 Mich App 552, 557 n 2; 928 NW2d 287 (2018).

In any event, respondent's appellate counsel asked us to review the record for ourselves to determine whether any colorable issue exists, and we have done so.[2] Our review of the termination hearing transcript reveals that the trial court conducted a fair and reasonable inquiry into whether respondent's release was made knowingly, understandingly, and voluntarily. No evidence has been submitted to suggest that respondent's release of her parental rights was not a product of her free and deliberate choice, rather than some undue intimidation, coercion, or deception. Indeed, the trial court, seemingly in recognition of respondent's intellectual challenges, specifically inquired of her trial counsel whether she understood what she was doing. Furthermore, respondent

---

[2] Counsel essentially presented something partially akin to an incomplete *Anders* motion. Pursuant to the United States Supreme Court's mandate in *Anders v California*, 386 US 738, 744; 87 S Ct 1396, 1400; 19 L Ed 2d 493, 498 (1967), reh den 388 US 924; 87 S Ct 2094; 18 L Ed 2d 1377 (1967), if appellate counsel appointed to represent a criminal defendant "finds [the] case wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." In Michigan, such motions must be made pursuant to MCR 7.211(C)(5), and they apply not only to appeals in criminal matters, but also appeals in termination of parental rights cases. See *In re Kanjia*, 308 Mich App 660, 662, 662 n 1; 866 NW2d 862 (2014). Appellate counsel did not move to withdraw and did not provide a proper supporting brief, but appellate counsel may not have realized that doing so was an available option. Nevertheless, an *Anders* motion to withdraw is not appropriate where, as here, counsel also manifests an apparent belief—such as by making a substantive argument—that the appeal is not wholly frivolous. See *Holt v Whelan*, 388 Mich 50, 56; 199 NW2d 195 (1972). Although it is our practice to carefully review all records, it is nevertheless the responsibility of the parties to offer us guidance in conducting those reviews.

has not demonstrated, or even argued, that she was prejudiced by the trial court's alleged failure to inquire into her state of mind. *Utrera*, 281 Mich App at 8. Respondent has not demonstrated plain error. *Id.*

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra