*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re N. J. RICHTER, Minor.

UNPUBLISHED
May 23, 2024

No. 368556
Cass Circuit Court
Family Division
LC No. 23-000040-NA

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor child, NJ, based upon respondent's voluntary release of his parental rights. We affirm.

## I. FACTS

In August 2022, NJ was in the custody of his mother, Savannah Swearengin, and resided with her in Van Buren County. Petitioner, the Department of Health and Human Services (DHHS), petitioned the Van Buren Circuit Court for court involvement regarding NJ and his sibling, JR, alleging concerns about Swearengin's substance abuse. At the conclusion of a preliminary hearing, the Van Buren Circuit Court temporarily placed NJ[1] with respondent, his father, who was residing in Cass County. Swearengin admitted certain allegations of the petition, namely, that she had tested positive for amphetamines, methamphetamine, and THC while acting as NJ's sole caretaker. The Van Buren Circuit Court thereafter assumed jurisdiction of NJ.

On January 2, 2023, respondent was caring for NJ, who was then two years old. While respondent was asleep, NJ left respondent's home and respondent was unaware that NJ was gone until NJ was discovered at a neighbor's house and returned home by police. On January 15, 2023, respondent overdosed on substances and was unconscious while NJ was present and in the sole care of respondent. At the time of these events, respondent was on probation for a 2022 conviction for aggravated domestic violence and interfering with a telecommunication device.

---

[1] JR was placed with JR's father, who is not a party to this appeal.

-1-

On January 17, 2023, DHHS filed a supplemental petition in the Van Buren Circuit Court, adding respondent to the pending case involving NJ. The petition alleged that it was contrary to NJ's welfare to stay in respondent's home based on respondent's history of domestic violence, substance abuse, and failure to provide NJ with proper care. At the preliminary hearing, respondent waived the probable cause finding, and the Van Buren Circuit Court authorized the petition. NJ was removed from respondent's care and placed with a relative. After the preliminary hearing, the Van Buren Circuit Court issued an order dated January 18, 2023, stating in part:

1. You have the right to appeal

    a. any order removing your child(ren) from your care and custody.

    b. an initial order of disposition following adjudication. This appeal may include any issues leading to disposition, including any errors in the adjudicatory process.

On January 27, 2023, respondent admitted certain allegations of the petition, namely, that he and Swearingen were involved in domestic violence in 2021, that he was convicted of aggravated domestic assault and interfering with a telecommunication device in 2022, and that on January 2, 2023, NJ left respondent's home while respondent was sleeping. The Van Buren Circuit Court accepted respondent's plea and issued an order of adjudication regarding NJ and respondent on January 27, 2023.

On February 23, 2023, the Van Buren Circuit Court held a dispositional hearing regarding NJ and respondent. At that time, respondent and Swearingen were living together in respondent's home in Cass County and no one involved in the case was living in Van Buren County. The Van Buren Circuit Court suggested that the case be transferred to a different county. Respondent's attorney stated on the record that respondent did not object to the transfer of the case to Cass Circuit Court. Respondent and Swearingen stated that their preference was that the case remain in the Van Buren Circuit Court, which was convenient for the couple. The Van Buren Circuit Court agreed that the case could remain in that court at that time. The trial court adopted the case service plan recommended by the case worker, which included participation by both parents in Van Buren Circuit Court's Family Reunification Court (FRC) program. The court then issued the initial dispositional order regarding respondent's parental rights relative to NJ.

Thereafter, respondent failed to participate in the FRC program, overdosed in February 2023, tested positive for amphetamine and Buprenorphine in March 2023, and overdosed again in April 2023. Respondent then voluntarily admitted himself to an inpatient substance abuse treatment program in Florida. Neither parent was participating in the FRC program, and Swearingen informed the trial court that she no longer wished to participate in the FRC program. The case worker informed the trial court that both parents wanted Swearingen's mother, who lived in Florida, to have custody of NJ and also custody of the child that Swearingen was then expecting.

The Van Buren Circuit Court recommended that the Interstate Compact on the Placement of Children[2] process be expedited to place NJ in Florida.

Shortly thereafter, Swearengin's and respondent's newest child, NR, was born in Cass County. NR was removed from the parties' home and placed in a licensed foster home in Cass County. A petition regarding NR was filed in the Cass Circuit Court in May 2023. On June 23, 2023, the Van Buren Circuit Court signed an order transferring the case involving NJ to Cass County, where it was accepted by the Cass Circuit Court.

On July 27, 2023, the Cass Circuit Court held a hearing, which served as an initial disposition of NR and a permanency planning hearing for NJ. The Cass Circuit Court noted that neither respondent nor Swearengin had complied with or benefited from services offered by Van Buren County, and directed DHHS to initiate proceedings to terminate respondent's and Swearengin's parental rights to NJ, reasoning that respondent's and Swearengin's continued substance abuse put NJ at risk of harm.

On October 27, 2023, the Cass Circuit Court held a termination hearing, during which respondent and Swearengin voluntarily released their parental rights to NJ; respondent informed the trial court that he believed that termination of his parental rights was in NJ's best interests. The trial court terminated both parents' parental rights to NJ. Respondent now appeals.

## II. DISCUSSION

Respondent seeks to overturn the order of the Cass Circuit Court terminating his parental rights to NJ after respondent released his parental rights. Respondent argues that the Van Buren Circuit Court failed to advise him of his right to challenge the adjudication by appealing the initial dispositional order. He further contends that the subsequent transfer of the case from the Van Buren Circuit Court to the Cass Circuit Court was a new assumption of jurisdiction by the Cass Circuit Court, and that he therefore also should have been advised of the right to challenge the transfer.[3] We disagree that respondent has demonstrated a basis for overturning the order terminating his parental rights to NJ.

## A. STANDARD OF REVIEW

We review de novo a challenge to the trial court's application of statutes and the court rules. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). Because respondent did not raise his jurisdictional challenge in the trial court, however, this issue is unpreserved and therefore is reviewed for plain error. See *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018). To avoid forfeiture under the plain error rule, respondent must demonstrate that a clear or obvious error occurred and that the error affected his substantial rights, meaning that it affected the outcome of the proceedings. *Id*. Reversal is warranted only when the plain, forfeited error seriously

---

[2] See MCL 3.711 *et seq*.

[3] Respondent conflates a variety of issues in his effort to overturn the order terminating his parental rights to NJ, which is the relief he seeks on appeal.

affected the fairness, integrity or public reputation of judicial proceedings. *In re Pederson*, 331 Mich App 445, 463; 951 NW2d 704 (2020).

### B. ASSUMPTION OF JURISDICTION

Child protective proceedings are governed by the juvenile code, MCL 712A.1 *et seq.*, as well as subchapter 3.900 of the Michigan Court Rules. *In re Ferranti*, 504 Mich at 14. To exercise jurisdiction over a child, the trial court must find the existence of a statutory basis to do so. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). Under the juvenile code, DHHS may petition the trial court alleging facts that if proven would provide a basis for the trial court to assume jurisdiction of the child. MCR 3.961(A), (B)(3); *In re Ferranti*, 504 Mich at 15. After a preliminary hearing, the trial court may authorize the filing of the petition if it finds probable cause that one or more of the allegations are true and could support the trial court assuming jurisdiction of the child under MCL 712A.2(b). *In re Ferranti*, 504 Mich at 15.

If the trial court authorizes the petition, the adjudication phase of the proceedings begins, the purpose of which is to determine whether the trial court can exercise jurisdiction over the child and thereby issue dispositional orders, such as an order terminating parental rights. *Id*. In response to the petition, the respondent parent may admit the allegations, plead no contest to the allegations, or demand a trial (i.e., an adjudication) to contest the allegations of the petition. *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014). The trial court can exercise jurisdiction if a respondent-parent admits or pleads no contest to the allegations in the petition, or if DHHS proves the allegations at a trial, thereby establishing a statutory basis for the trial court's assumption of jurisdiction. MCR 3.971; *In re Ferranti*, 504 Mich at 15.

Because a jurisdictional plea waives the parent's fundamental right to compel the petitioner to prove the jurisdictional basis at trial, the waiver must be voluntary and knowing. *In re Ferranti*, 504 Mich at 21; *In re Pederson*, 331 Mich App at 464. A respondent's plea is not knowingly and voluntarily made when "[t]he trial court did not advise the respondents that they were waiving any of the important rights identified in MCR 3.971(B)(3)." *In re Ferranti*, 504 Mich at 31. In addition, MCR 3.971(B)(6) requires that:

> (B) Before accepting a plea of admission or plea of no contest, the court must advise the respondent on the record or in a writing that is made a part of the file:
>
> * * *
>
> (6) that appellate review is available to challenge errors in the adjudicatory process, which may be challenged in an appeal from the court's initial order of disposition;

In this case, DHHS filed a supplemental petition in the Van Buren Circuit Court, adding respondent to the pending case involving NJ. The petition alleged that it was contrary to NJ's welfare to stay in respondent's home based on his history of domestic violence, substance abuse, and failure to provide NJ proper care. At the preliminary hearing, respondent waived the probable cause finding, and the Van Buren Circuit Court authorized the petition. After the preliminary hearing, the Van Buren Circuit Court issued an order dated January 18, 2023, advising respondent,

in a writing made a part of the file, of his right to appeal any order removing NJ from respondent's care and custody, and also the initial order of disposition following adjudication.

Respondent then admitted certain allegations of the petition and the Van Buren Circuit Court accepted his plea and issued an order of adjudication regarding NJ and respondent. Contrary to respondent's assertions, the Van Buren Circuit Court did not fail to inform respondent before accepting his plea of admission of his right to appeal the court's initial order of disposition and thereby to challenge any errors in the adjudicatory process, as required by MCR 3.971(B)(6).[4] Because the Van Buren Circuit Court properly advised respondent of his right to appeal, respondent's challenge is without merit.

Respondent argues, however, that the transfer of jurisdiction from the Van Buren Circuit Court to the Cass Circuit Court was actually "an initial assumption of jurisdiction over him by the Cass County Family Court," and that he should have been again advised of his right to appeal, this time from the new initial disposition in the Cass Circuit Court. We disagree. The adjudication occurred on January 27, 2023, after respondent pleaded to factual allegations in the petition. On February 23, 2023, the initial dispositional hearing was held, moving the case out of the adjudicatory phase and into the dispositional phase. The transfer of the case to the Cass Circuit Court was ordered on June 12, 2023, after the adjudicatory phase was completed. Respondent was not relinquishing any right to adjudication by trial as a result of the transfer, and therefore the Cass Circuit Court was not obligated to advise respondent of the relinquishment of any rights, nor of the right to appeal from the dispositional order following such a relinquishment.

Respondent also contends that his parental rights to NJ would not have been terminated had the case remained in the Van Buren Circuit Court where he had access to services that were not offered in Cass County. However, the basis of the termination of his parental rights to NJ was respondent's voluntary release of those rights. Respondent therefore waived the right to challenge on appeal the proceedings before the trial court, other than a challenge that his release was not knowing or voluntary.

A respondent parent can consent to termination of his or her parental rights under the juvenile code; a respondent's voluntary release of parental rights authorizes the trial court to terminate the respondent's parental rights without finding a statutory basis for termination. *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). To be valid, a relinquishment of parental rights must be knowing and voluntary. See *In re Burns*, 236 Mich App 291, 292-293; 599 NW2d 783 (1999). When the record demonstrates that the respondent knowingly and voluntarily released

---

[4] If the trial court had failed to so do, respondent would have been entitled to "challenge the assumption of jurisdiction in an appeal from the order terminating [the] respondent's parental rights." MCR 3.971(C); *In re Pederson*, 331 Mich App at 465 n 3. We observe, however, that respondent on appeal does not identify any error in the adjudicatory process, other than the allegation that the Van Buren Circuit Court failed to advise him of his right to appeal the first dispositional order.

his or her parental rights, a change of heart is not sufficient to set aside an order terminating parental rights based upon that release.  See *Id*.

In this case, respondent does not dispute that his release was knowingly and voluntarily made, and the record does not suggest that the release was other than knowing and voluntary.  By voluntarily releasing his parental rights, respondent waived any challenge to the termination of his parental rights.  Respondent was provided the opportunity to continue to contest termination of his parental rights at a termination hearing, but declined to do so, effectively ensuring that the prosecution would not proceed with the presentation of proofs. "Respondent may not assign as error on appeal something that [he] deemed proper in the lower court because allowing [him] to do so would permit respondent to harbor error as an appellate parachute." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).  Because respondent has not demonstrated a basis to set aside his voluntary release, respondent is precluded from challenging the order of termination based upon his voluntary release.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani