*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* THOMPSON, Minors.

UNPUBLISHED
November 22, 2022

No. 361597
Genesee Circuit Court
Family Division
LC No. 10-127240-NA

Before: M. J. KELLY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's order terminating his parental rights to the minor children, AT and XT. Because the record is clear that respondent's release of his parental rights was knowing and voluntary, we affirm.[1]

## I. BACKGROUND

The facts are undisputed. In August 2018, the Department of Health and Human Services (DHHS) filed a petition for removal of AT and XT from their mother. Although respondent was listed as a putative father, he was not a respondent at that time. The children were removed from the mother's care and placed with the maternal grandfather. In 2019, DNA testing confirmed that respondent was the biological father of the children. But respondent did not complete an affidavit of parentage, make any attempt to contact DHHS, or have any involvement with the children. For more than two years, respondent's whereabouts were unknown. Respondent finally came forward in May 2021, and stated that he believed himself to be the legal father.

In August 2021, DHHS filed a supplemental petition to obtain jurisdiction over the children and to terminate parental rights at the initial disposition. Respondent was included in the petition as the legal father. Respondent appeared at the August 26, 2021 hearing and was represented by counsel. After respondent was advised of his rights, he waived the preliminary exam. At the time of the hearing, respondent was incarcerated. Because it was expected that he would remain

---

[1] The mother's rights were terminated prior to respondent's release, and the mother is not part of this appeal.

incarcerated for at least one year, the referee found that it was contrary to the welfare of the children to remain in respondent's care and custody.

In September 2021, DHHS filed an amended petition to terminate respondent's parental rights under MCL 712A.19b(3)(a)(*ii*) (parent has deserted child for 91 or more days and has not sought custody during that period), MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and (*ii*) (failure to rectify other conditions), MCL 712A.19b(3)(g) (failure to provide proper care and custody), MCL 712A.19b(3)(i) (parental rights to sibling terminated due to serious and chronic neglect or abuse), MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent), and MCL 712A.19b(3)(k)(*i*) (parent abused child or sibling and abuse included abandonment of a young child).

When the parties appeared for the termination trial, respondent elected to voluntarily relinquish his parental rights to the children after he discussed the matter with his attorney. The trial court informed respondent of the various rights he would be giving up by his release. Respondent affirmed, under oath, that he understood that he would not be the legal father of the children and they would no longer be his heirs if he relinquished his parental rights. The court also interrogated respondent to ensure that his decision was voluntary. Respondent affirmed that he made the decision to release his parental rights voluntarily without any coercion, threats, or promises. Because respondent was incarcerated and expected to remain incarcerated for 14 more months, the trial court ensured that respondent understood that his incarceration did not mandate that he relinquish his parental rights. The guardian ad litem supported termination and believed it to be in the children's best interests. The trial court accepted the relinquishment and determined it was knowingly and voluntarily made. The trial court concluded that the issues that brought the children into the court's jurisdiction had not been rectified, they would not be rectified within a reasonable amount of time given the ages of the children, and it was in the children's best interests to terminate respondent's parental rights. Respondent now appeals.

## II. STANDARD OF REVIEW

Because respondent failed to raise this issue in the trial court, we review it for plain error affecting substantial rights. See *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018).[2] See also *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). "To avoid forfeiture under the plain-error rule, the proponent must establish that a clear or obvious error occurred and that the error affected substantial rights." *In re Beers*, 325 Mich App at 677.

---

[2] Additionally, respondent verbally waived his right to challenge his relinquishment of his parental rights by affirming on the record and under oath that he was aware of the consequences of his actions. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008) (quotation marks omitted).

## III. ANALYSIS

Respondent argues that he is entitled to rescind his voluntary release of his parental rights. We disagree.

This Court long ago held that "a respondent can consent to termination of his parental rights under the juvenile code, in which case the judge need not announce a statutory basis for it." *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992). A relinquishment of a constitutional right is valid only if it was knowingly, understandingly, and voluntarily made. See *In re Pederson*, 331 Mich App 445, 464; 951 NW2d 704 (2020). Similarly, a relinquishment of parental rights must be knowingly and voluntarily made. See *In re Burns*, 236 Mich App 291, 292-293; 599 NW2d 783 (1999). See also *In re Curran*, 196 Mich App 380, 384-385; 493 NW2d 454 (1992).

Respondent affirmed on the record that his choice to release his parental rights was voluntary, and that he was not threatened, coerced or promised anything in exchange for his release. Respondent's counsel explained that he had an opportunity to discuss the matter with him, and advised him of his alternatives. The trial court also thoroughly explained the consequences of his relinquishment, and respondent affirmed that he understood. We conclude that the trial court did not plainly err in accepting respondent's voluntary and knowing release of his parental rights to AT and XT. See *In re VanDalen*, 293 Mich App at 135.

Respondent does not dispute that his release was knowingly and voluntarily made. He argues that he should be permitted to have a change of heart since he requested court-appointed appellate counsel on the same day that he voluntarily relinquished his rights.[3] Because the record reveals that respondent's release of his parental rights was knowing and voluntary, his change of heart is not a sufficient basis to allow him to withdraw his release of parental rights. See *In re Burns*, 236 Mich App at 292-293; *In re Curran*, 196 Mich App at 381-382, 384-385.

Affirmed.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ Sima G. Patel

---

[3] Respondent has neglected to provide any relevant legal authority for this argument. Michigan courts "are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). "If a party fails to adequately brief a position, or support a claim with authority, it is abandoned." *MOSES, Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006).